■ AGATHA RILEY, Respondent, v JOSEPH RILEY, Appellant.

On May 18, 1981, the parties entered into a separation agreement which, by its terms, was to survive and not merge in a subsequent judgment of divorce. The parties were subsequently divorced by judgment dated November 20, 1981. The husband failed to make any challenge to the terms of the agreement until he moved, by order to show cause dated August 17, 1989, *inter alia,* to modify and/or vacate the judgment of divorce and the underlying separation agreement.

A separation agreement which does not merge into the judgment of divorce survives as a separate contract to which the parties are bound. Consequently, while a judgment of divorce may be attacked pursuant to CPLR 5015, the separation agreement will remain unimpeached unless challenged in a plenary action *(see, Lambert v Lambert,* 142 AD2d 557; *Culp v Culp,* 117 AD2d 700). In this case, the husband's attempt to attack the separation agreement through a motion, without commencing a plenary action, is fatal to his application.

Even if the husband had properly initiated this application through a plenary action, it would have been time-barred by the six-year Statute of Limitations set forth in CPLR 213 (1) governing equitable actions *(see, Curry v Curry,* 57 AD2d 604). The husband did not move to vacate or modify the agreement for over eight years after its execution and therefore cannot challenge it at this late date. Additionally, we note that the husband acquiesced in the agreement and accepted its benefits for eight years. Under these circumstances, it must be concluded that the husband ratified its terms *(see, Beutel v Beutel,* 55 NY2d 957; *Cordero v Cordero,* 135 AD2d 483; *Glaser v Glaser,* 127 AD2d 741).

We have examined the husband's remaining contention and

find that it is unpreserved for appellate review and, in any event, is lacking in merit. Thompson, J. P., Bracken, Harwood and Copertino, JJ., concur.