■ BURTON MARSHALL, Appellant, v THEDA MARSHALL, Respondent. [629 NYS2d 203] —Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered on or about March 8, 1994, which, *inter alia*, directed that a money judgment be entered in favor of defendant-wife and against plaintiff in the sum of $51,870 plus costs, interests and disbursements, unanimously affirmed, without costs.

The parties were divorced in 1990. Incorporated, but not merged, into the judgment of divorce was a separation agreement, dated November 27, 1989, which requires, among other

things, that plaintiff make certain support payments to defendant. Pursuant to this agreement, its terms may not be modified, rescinded or amended unless in writing signed by the parties. The separation agreement has never been modified in writing or by court order. Yet, plaintiff claims that his former wife acquiesced in, and voluntarily expressed a willingness to accept maintenance payments lower than those set forth in the agreement when he was purportedly compelled to endure "dramatically reduced income" arising out of his "extended periods of unemployment".

An agreement which has been incorporated, but does not merge, into a judgment of divorce survives as a separate contract (*Riley v Riley*, 179 AD2d 750). Defendant strongly denies ever consenting to accept less support from her former husband.

We have considered plaintiff's remaining contentions and find them to be without merit. Concur—Kupferman, J. P., Ross, Asch, Nardelli and Tom, JJ.