■ ELIAS PASOL, Appellant, v ALBA PASOL, Respondent. [653 NYS2d 862] —In a matrimonial action in which the parties were divorced by a judgment entered June 13, 1991, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Dunn, J.), dated December 13, 1995, as granted that branch of the defendant's motion which was for an upward modification of child support.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

There is no merit to the appellant's contention that the Supreme Court failed to follow the Child Support Standards Act *(see,* Domestic Relations Law § 240) when calculating his child support obligation. The combined parental income in this case is $94,096 *(see,* Domestic Relations Law § 240 [1-b] [b] [5]). The court is obligated to apply the child support percentage to the combined parental income over $80,000 in the absence of a finding that the noncustodial parent's share of the basic child support obligation is unjust or inappropriate *(see,* Domestic Relations Law § 240 [1-b] [c] [2], [3]; [f]). No such finding was made in this case. Applying the child support percentage (a total of 25% for two children) to the entire sum of $94,096 results in a

total weekly child support obligation of $452, 83% or $376 of which is the appellant's pro rata share *(see,* Domestic Relations Law § 240 [1-b] [b] [3]; [c] [2], [3]).

This is not a case in which the noncustodial parent's pro rata share of the basic child support obligation is unjust or inappropriate *(see,* Domestic Relations Law § 240 [1-b] [c] [3]; [f]). The needs of the older child have increased due to his attending college *(see,* Domestic Relations Law § 240 [1-b] [f] [2]), and the appellant, despite his debts, has greater financial resources than the respondent, whose income is very limited *(see,* Domestic Relations Law § 240 [1-b] [f] [1], [7]).

The appellant's remaining contentions are without merit. O'Brien, J. P., Florio, McGinity and Luciano, JJ., concur.