██ JOYCE M. MCDONALD, Respondent, v ROBERT C. MC-DONALD, Appellant. (Appeal No. 1.) [691 NYS2d 824] —Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: The parties were married in 1972 and have three sons. The parties were divorced in 1989. The divorce decree incorporated the stipulation of the parties that they would have joint custody of the children, with residence with plaintiff, and that defendant would pay child support of $66.66 per week per child. Defendant remarried in 1991. In 1992, when he was 13 years old, Patrick, the middle child of the parties, commenced living with defendant. By order of Supreme Court, the residence of Patrick was changed from plaintiff to defendant and defendant's child support obligation was reduced by $66.66 per week. In June 1997, following an argument with defendant, Patrick returned to plaintiff's home. Plaintiff commenced this postjudgment proceeding seeking child support for Patrick and an order requiring defendant to turn over the proceeds from the sale of a vehicle purchased for Patrick's use with Social Security disability payments made for the benefit of Patrick as a result of the disability of defendant's wife, and the balance of the Social Security disability payments, which were in a joint account with Patrick and defendant. Plaintiff indicated that Patrick was going to begin college in the fall and required the funds for his college expenses. In September 1997, James, the parties' 20-year-old son, moved out of plaintiff's home and into defendant's home. Defendant then sought an order extinguishing his child support obligation for James and requiring plaintiff to pay child support for James.

Supreme Court properly required defendant to turn over to plaintiff the proceeds from the sale of the vehicle and the balance of the account containing the Social Security disability payments to be placed in an account for Patrick's college expenses. Those funds were Patrick's property (*see, Matter of Hollister v Whalen,* 244 AD2d 650), and defendant had agreed

that they could be used for Patrick's college expenses. The court also properly granted plaintiff a judgment for those amounts, including a modest award of counsel fees, when defendant failed to turn over the funds as required by the court.

The court erred, however, in ordering defendant to pay child support for Patrick, " 'a minor of employable age and in full possession of [his] faculties,' " without holding a hearing to determine whether Patrick, by refusing to have any communication with defendant, forfeited his right to support from defendant (*Perez v Perez,* 239 AD2d 868, 869). The court further erred by requiring defendant to pay $30 per week toward Patrick's future college expenses without holding a hearing. In certain circumstances, a parent may be required to contribute to a child's higher education expenses even in the absence of an agreement to do so (*see,* Domestic Relations Law § 240 [1-b] [c] [7]; *Rocchio v Rocchio,* 213 AD2d 535, 536). The factors to be considered are the educational background of the parents, the child's academic ability and the parent's financial ability to provide the necessary funds (*see, Matter of Haessly v Haessly,* 203 AD2d 700, 701). The court should not have made the determination based upon conflicting affidavits of the parties.

The court also erred in denying defendant's motion for an order requiring plaintiff to pay child support for James. The court is required either to set child support in the statutory amount or to set forth its reasons for finding that it would be unjust or inappropriate to require the noncustodial parent to pay the statutory amount (*see,* Domestic Relations Law § 240 [1-b] [f], [g]). Here, the court did neither, but simply ordered, without explanation, that plaintiff shall pay no child support.

Consequently, we modify the order in appeal No. 1 by vacating the provision requiring defendant to pay child support for Patrick, which included a weekly contribution toward Patrick's college expenses, and we remit the matter to Supreme Court for a hearing on that issue. We modify the order in appeal No. 2 by vacating the provision that plaintiff shall pay no child support for James, and we remit the matter for a new determination on that issue. We further modify that order by vacating the child support provisions relating to Patrick, which are similar to those in the order in appeal No. 1. (Appeal from Order of Supreme Court, Monroe County, Siracuse, J.—Matrimonial.) Present—Pine, J. P., Hayes, Pigott, Jr., Scudder and Balio, JJ.