■ MARY-CATHERINE CARTER, Respondent, v GUY T. CARTER, Appellant. [697 NYS2d 127] —In a matrimonial action in which the parties were divorced by a judgment dated October 25, 1996, the defendant appeals from an order of the Supreme Court, Rockland County (Weiner, J.), dated April 6, 1999, which denied his motion, *inter alia*, to modify the judgment of divorce by directing that the defendant's 401K plan be divided between the parties as of January 15, 1994, instead of January 3, 1994.

Ordered that the order is affirmed, with costs.

A separation agreement, which, as here, does not merge into the judgment of divorce, survives as a separate contract to which the parties are bound (*see, Riley v Riley,* 179 AD2d 750; *Lambert v Lambert,* 142 AD2d 557). Consequently, while a judgment of divorce may be attacked pursuant to CPLR 5105, the underlying separation agreement will remain unimpeached unless challenged in a plenary action (*see, Riley v Riley, supra; Culp v Culp,* 117 AD2d 700). The failure of the defendant to commence a plenary action is fatal to his application. S. Miller, J. P., Thompson, Krausman, Florio and Schmidt, JJ., concur.

■ CITIBANK, N. A., Respondent, v GLEN COVE SERVICING CORP., Appellant, et al., Defendants. [696 NYS2d 869] —In an action to foreclose a mortgage, the defendant Glen Cove Servicing Corp. appeals from an order of the Supreme Court, Nassau County (Winick, J.), dated September 10, 1998, which denied its motion to vacate a judgment of foreclosure and sale and void the deed of sale on the ground of irregularities in the notice of sale.

Ordered that the order is affirmed, with costs.

The Supreme Court properly denied the motion to vacate the judgment of foreclosure and sale and void the deed of sale. The defendant failed to carry its burden to show that "a substantial right of a party was prejudiced" by the trivial irregularities in the notice of sale (RPAPL 231 [6]; *see, e.g., Marine Midland Bank v Trennes,* 250 AD2d 653; *Chemical Bank v Gardner,* 233 AD2d 606; *Norstar Bank v LNP Realty Corp.,* 216 AD2d 279; *Marine Midland Bank v Landsdowne Mgt. Assocs.,* 193 AD2d 1091; *Hanover Funding Co. v Keri Assocs.,* 180 AD2d 945). Santucci, J. P., Joy, Friedmann and Goldstein, JJ., concur.