■ HADASSAH FRANKEL, Respondent, v JOSHUA FRANKEL, Appellant. [717 NYS2d 263] —In a matrimonial action in which

the parties were divorced by judgment dated April 22, 1998, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Yancey, J.), dated November 18, 1999, as, after a hearing, denied his motion for a downward modification of his child support obligation.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff and the defendant were divorced by judgment dated April 22, 1998. Pursuant to the judgment of divorce, the defendant was directed to pay child support to the plaintiff for their two sons. In calculating the amount of the defendant's child support obligation, the Supreme Court applied the statutory percentage of support under the Child Support Standards Act to the parties' combined annual income exceeding $80,000. Also with respect to child support, the judgment of divorce states that should the plaintiff's annual income substantially increase over $6,200, the defendant could seek modification of his child support obligation. Pursuant to that provision in the judgment of divorce, the defendant moved for a modification of his child support obligation, which also included payment of 94% of the children's private school tuition and unreimbursed medical and dental expenses. The Supreme Court referred the matter for a hearing, at which time the parties stipulated that the wife's annual income, adjusted for expenses, totaled $47,500, and agreed to reduce the defendant's pro rata share attributable to education and unreimbursed medical and dental expenses to 67.4%. The Supreme Court modified the judgment of divorce accordingly, but did not decrease the defendant's weekly child support obligation, finding that there was no showing that application of the statutory 25% is unjust or inappropriate.

The defendant failed to meet his burden of demonstrating that the application of the statutory formula for combined parental incomes exceeding $80,000 would be unjust or inappropriate (*see, Matter of Cassano v Cassano,* 85 NY2d 649, 653). Thus, the Supreme Court was obligated to apply the child support percentage to the combined parental income over $80,000 (*see, Pasol v Pasol,* 235 AD2d 526; Domestic Relations Law § 240 [1-b] [c] [2], [3]).

Since the defendant failed to offer any evidence at the hearing regarding the application of the statutory formula, there is no merit to his additional contention that the Supreme Court committed reversible error in not articulating its reasons for applying the child support percentage to the parties' combined

parental income exceeding $80,000 (see, Matter of Cassano v Cassano, supra, at 655). Bracken, J. P., Thompson, Sullivan and McGinity, JJ., concur.