■ In the Matter of DONNA KIRDAHY, Respondent, v JOSEPH E. SCALIA, Appellant. [721 NYS2d 541] —In a child support proceeding pursuant to Family Court Act article 4, the father appeals, as limited by his brief, from so much of an order of the Family Court, Suffolk County (Trainor, J.), entered November 23, 1999, as denied his objections to those portions of an order of the same court (Fields-Ferraro, H.E.), entered September 9, 1999, made after a hearing, which fixed his yearly child support obligation for the years 1998 onward at 25% of his 1996 gross income and directed him to reimburse the mother $2,000 for orthodontia expenses for the parties' son.

Ordered that the order entered November 23, 1999, is reversed insofar as appealed from, on the law, with costs, the father's objections to so much of the order entered September 9, 1999, as fixed his yearly child support obligation for the years 1998 onward at 25% of his 1996 gross income and directed him to reimburse the mother $2,000 for orthodontia expenses for the parties' son, are sustained, and those portions of the order entered September 9, 1999, are vacated.

In the parties' separation agreement, which was incorporated but not merged into the judgment of divorce, the father agreed that his child support obligation for a given year would be 25% of his gross income for the prior year. Nevertheless, the Hearing Examiner determined that the father, who retired and began receiving pension benefits in 1997, was required to base his yearly child support obligation from 1998 onward on his 1996 income, the last year during which he worked full-time. This was error.

"A separation agreement, which, as here, does not merge into the judgment of divorce, survives as a separate contract to which the parties are bound" (*Carter v Carter*, 265 AD2d 520). By fixing the father's child support obligation at a particular amount each year, the Hearing Examiner ignored the clear language of the child support provision and essentially made "a new contract for the parties" (*Dreiss v Dreiss*, 258 AD2d 499, 500; *see, Matter of Scalabrini v Scalabrini*, 242 AD2d 725).

Additionally, under the separation agreement, the father agreed to maintain the family's medical and dental insurance policy which was offered to him by virtue of his employment. He also agreed that if he failed to maintain this policy while the children were unemancipated, he would be liable for all of the medical and dental expenses that would have been covered under the policy. Although he testified that he maintained this policy after he retired and that the policy did not cover

orthodontia expenses, the Hearing Examiner found that he failed to maintain the policy, and also implicitly found that the policy would have covered orthodontia work. These findings are not supported by any evidence in the record, and thus, the Hearing Examiner improperly determined that the father was liable for the cost of all of the orthodontia work for the parties' son. Ritter, J. P., Altman, Friedmann and Smith, JJ., concur.