■ In the Matter of LISA M. WOLF, Appellant-Respondent, v DOUGLAS J. WOLF, Respondent-Appellant. [740 NYS2d 493]

---

—Spain, J. Cross appeals from an order of the Family Court of Broome County (Ray, J.), entered February 16, 2001, which, inter alia, dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 4, to enforce the child support provisions of the parties' separation agreement.

The parties were married in 1990 and are the parents of a daughter born in 1994. In November 1997, in anticipation of a pending divorce, the parties entered into a written settlement agreement including a child support arrangement which requires annual recalculation. This agreement was incorporated, but not merged, into a final judgment of divorce entered January 26, 1998. In March 2000, petitioner filed a petition in Family Court to enforce the agreement after respondent unilaterally reduced his child support payments. After a hearing, the Hearing Examiner determined that the settlement agreement was enforceable, applied the formula provided in the agreement and ordered, inter alia, that respondent pay increased child support and arrears.

Respondent filed objections with Family Court. After reviewing the record, Family Court determined that the Hearing Examiner erred in finding that the child support portion of the settlement agreement was enforceable, concluding that the agreement failed to sufficiently articulate how support payments would be calculated as to that portion of the parties' combined income which exceeds $80,000. Family Court, therefore, set aside the child support portion of the agreement, treating the petition as a de novo application for an order of support and issued a support order based upon evidence in the record, retroactive only to the date of the filing of the enforcement petition. The court also denied petitioner the child care expenses which had been provided to her in the agreement. Petitioner appeals, and respondent cross-appeals challenging that portion of the order calculating his child support obligation based on their combined income exceeding $80,000. Because we find that the parties' written settlement agreement complied with the Child Support Standards Act (Family Ct Act § 413 [hereinafter CSSA]) and was otherwise enforceable, we reverse.

Family Court Act § 413 (1) (h) provides, in relevant part, as follows: "A validly executed agreement or stipulation voluntarily entered into between the parties * * * presented to the court for incorporation in an order or judgment shall include a provision stating that the parties have been advised of the provisions of this subdivision and that the basic child support obligation provided for therein would presumptively result in

the correct amount of child support to be awarded. *In the event that such agreement or stipulation deviates from the basic child support obligation,* the agreement or stipulation must specify the amount that such basic child support obligation would have been and the reason or reasons that such agreement or stipulation does not provide for payment of that amount. * * * Any court order or judgment incorporating a validly executed agreement or stipulation *which deviates* from the basic child support obligation shall set forth the court's reasons for such deviation" (emphases supplied). The settlement agreement includes the required recitals establishing that the parties had notice of the provisions of the CSSA and essentially settles all financial issues then existing between the parties. In the agreement, the parties also state their intention to adopt the basic child support obligation, determinable pursuant to the provisions of the CSSA. At the time the agreement was negotiated and executed, the parties were each represented by counsel and neither party appealed from the judgment in which the agreement was incorporated.

Clearly, the CSSA requires "that an agreement *which deviates* from the basic child support obligation 'must specify the amount that such basic child support obligation would have been and the reason or reasons that such agreement * * * does not provide for payment of that amount' " (*Matter of Sievers v Estelle*, 211 AD2d 173, 175, quoting Family Ct Act § 413 [1] [h] [emphasis supplied]). Here, significantly, the basic child support to which the parties agreed *does not deviate* from the CSSA and, thus, the parties were not obligated to justify the agreed upon terms (*cf., Matter of Mitchell v Mitchell*, 264 AD2d 535, *lv denied* 94 NY2d 754; *Matter of Sievers v Estelle, supra*). The effect of the agreement provides that respondent's yearly child support obligation shall be calculated based upon the parties' combined income[1] at the statutory rate of 17% for one child. The agreement contains no limit on the amount of income that is subject to the statutory percentage, revealing the parties' intention to apply the statutory percentage to their combined income exceeding $80,000 as a court would be authorized to do under Family Court Act § 413 (1) (c) (3).

Because we interpret the agreement as opting to apply the statutory percentage to income exceeding $80,000, we reject

---

1. Although the agreement provides for a percentage of respondent's income rather than his pro rata share of the parties' combined income, we find—and the parties do not dispute—that this shortcut to calculating respondent's obligation does not create a deviation from the amount which would be calculated under the CSSA formula under the facts of this case.

Family Court's conclusion that the parties failed to provide a workable methodology to compute the support obligation for those higher income levels. Furthermore, we disagree with the proposition that in cases where the combined parental income exceeds or may exceed $80,000, the parties to a child support agreement must articulate reasons to justify the percentage applied to the portion exceeding $80,000, even where the agreement provides for the application of the statutory child support percentage to that amount (*cf., Matter of Cassano v Cassano,* 85 NY2d 649, 655). Nowhere in the CSSA are the parties to a child support agreement required to articulate the reasons they have chosen to adhere to a formula which applies the correct statutory percentage where the combined parental income is below or above $80,000.[2] Here, the parties agreed to apply the 17% statutory percentage for one child to their proportionate share of the total combined parental income, whatever that amount might be, and the settlement agreement should be interpreted to give meaning to its terms and provisions (*see, Girardin v Girardin,* 281 AD2d 457).

Inasmuch as the parties elected to have their child support obligations determined by agreement and not by a court, we find unwarranted Family Court's application of the principles in *Cassano,* a nonagreement case, to the agreement in this case. In *Cassano,* recognizing the discretionary nature of the trial court's decision to apply the statutory percentage to combined income exceeding $80,000, the Court of Appeals held that "some record articulation of the reasons for the court's choice to apply [even the statutory] percentage is necessary to facilitate [appellate] review" (*Matter of Cassano v Cassano, supra* at 655). We conclude that this rationale for requiring judicial justification for the use of the statutory percentage does not translate to cases where, as here, the parties have adopted the statutory percentage by their own agreement.

In our view, Family Court should have enforced all aspects of the agreement. Accordingly, Family Court's decision should be reversed and the matter remitted for further proceedings consistent with the decision and order of the Hearing Examiner.

Mercure, J.P., Peters, Carpinello and Mugglin, JJ., concur.

---

**2.** Notably, in cases where the party paying child support does not meet his or her burden of demonstrating that the application of the statutory percentage for combined parental income exceeding $80,000 would be unjust or inappropriate, it has been held that the court is obligated—without the need to articulate its reasons—to apply the statutory percentage to the combined parental income over $80,000 (*see, Frankel v Frankel,* 278 AD2d 195, 196; *Pasol v Pasol,* 235 AD2d 526, 526-527; Family Ct Act § 413 [1] [c] [3]).

Ordered that the order is reversed, without costs, and matter remitted to the Family Court of Broome County for further proceedings not inconsistent with this Court's decision.

(April 11, 2002)