■ In the Matter of DONNA KIRDAHY, Respondent, v JOSEPH E. SCALIA, Appellant. [753 NYS2d 524] —In a child support proceeding pursuant to Family Court Act article 4, the father appeals, as limited by his brief, from so much of (1) an order of the Family Court, Suffolk County (Dounias, J.), entered October 30, 2001, as, upon consideration of his objections to an order of the same court (Fields-Ferraro, H.E.), dated July 30, 2001, remitted the matter to the Hearing Examiner to calculate his child support obligation, and (2) an order of the same court (Dounias, J.), entered January 29, 2002, as denied his objec-

tions to an order of the same court (Fields-Ferraro, H.E.), dated November 14, 2001, which set his child support obligation at $1,465 per month.

Ordered that the appeal from the order entered October 30, 2001, is dismissed, as that order was superseded by the order entered January 29, 2002; and it is further,

Ordered that the order dated January 29, 2002, is reversed insofar as appealed from, on the law, with costs, the objections to the order of the Hearing Examiner dated November 14, 2001, are sustained, that order is vacated, and the matter is remitted to the Family Court, Suffolk County, for further proceedings in accordance herewith before a different Hearing Examiner and Judge.

In the parties' separation agreement, which was incorporated but not merged into the judgment of divorce, the father agreed that his child support obligation for a given year would be 25% of his gross income for the prior year. On a prior appeal in this case, this Court found that it was error for the Hearing Examiner to rely on the father's gross income from 1996 to calculate his child support obligation for 1998, and to fix that obligation from 1998 onward (*see Matter of Kirdahy v Scalia*, 280 AD2d 672).

After that appeal, the Child Support Enforcement Bureau of the Suffolk County Department of Social Services (hereinafter the Bureau), which oversaw the father's account with the Suffolk County Support Collection Unit, moved in the Family Court to have the court calculate the father's child support obligation from 1998 onward. The Family Court referred the matter to the Hearing Examiner, who, by order dated November 14, 2001 (hereinafter the Hearing Examiner's order), calculated the father's child support obligation "effective" December 1, 2001. Contrary to the father's contention, the court properly entertained the Bureau's application (*cf.* 18 NYCRR 346.1 [a] [1]).

The parties are bound by the terms of their agreement regarding child support (*see Cohen-Davidson v Davidson*, 291 AD2d 474, 475; *Cappello v Cappello*, 286 AD2d 360; *Matter of Scalabrini v Scalabrini*, 242 AD2d 725, 726; *cf. Matter of Brescia v Fitts*, 56 NY2d 132, 138), which, this Court noted in the prior appeal, are "clear" (*Matter of Kirdahy v Scalia, supra* at 672). Yet, when the Hearing Examiner calculated the father's child support obligation, she once again disregarded those terms (*see Matter of Boden v Boden*, 42 NY2d 210, 211-213). Indeed, she did not rely on the father's gross income. Instead, she relied on a greater amount, as she imputed income

to the father. Since there were no "persuasive allegations" that the children's needs were going unmet, this was unwarranted (*cf. Matter of Fetherston v Fetherston,* 172 AD2d 831, 834). Thus, the father's objections to the Hearing Examiner's order should have been sustained and that order vacated.

Upon remitittur, the Family Court, Suffolk County, must vacate its income deduction order entered June 24, 2002, which is not up for review, since that order was based on the Hearing Examiner's order. The Family Court shall also receive submissions from the father and determine, in strict accordance with the parties' agreement regarding child support, what the Bureau requested. Specifically, the Family Court shall determine: the amount of the father's gross income for the years 1997 onward; the amount of his child support obligation for the years 1998 onward; the amount he paid each year toward his obligation, whether directly to the mother or through the support collection unit; and the amount, if any, he might have overpaid.

The father's remaining contentions are not properly before this Court, as no appeal was taken from the order entered August 12, 2002 (*see* CPLR 5515; *Schlein v White Plains City School Dist.,* 292 AD2d 367). Florio, J.P., O'Brien, Adams and Crane, JJ., concur.