■ BONNIE GRIECO, Respondent, v LOUIS J. GRIECO JR., Appellant. [761 NYS2d 750] —Crew III, J. Appeals (1) from an order of the Supreme Court (Keegan, J.), entered January 14, 2002 in Albany County, which, inter alia, ordered defendant to select a certain retirement survivorship option, and (2) from a judgment of said court granting defendant a divorce, entered January 14, 2002 in Albany County, upon a decision of the court.

In June 2000, plaintiff commenced this action for divorce and, on December 28, 2000, the parties entered into a stipulation resolving all issues involved in the litigation. That stipulation provided, among other things, that plaintiff was to receive an interest in defendant's pension and, further, that defendant was to select a pension survivorship option chosen by plaintiff. The stipulation also provided that plaintiff would be responsible for any costs associated with the survivorship option selected.

A dispute apparently arose between the parties respecting issues of child support and selection of a survivorship option, as the result of which counsel for the parties appeared before Supreme Court at a November 2001 conference. As a result of that conference, Supreme Court signed an order requiring, inter alia, that defendant select the "Pop-Up/Joint Allowance Half" retirement option and that the parties share equally the cost associated with the selection of that option. Defendant now appeals from the order directing selection of the retirement option, as well as the judgment of divorce.*

Defendant contends that Supreme Court erred in ordering the parties to share the costs attendant to the selection of the retirement option because such direction is contrary to the parties' December 28, 2000 settlement agreement. We agree. Plaintiff did not assail the separation agreement as unconscionable or procured by fraud. Thus, absent a successful challenge to the separation agreement via a plenary action (*see Carter v Carter*, 265 AD2d 520 [1999]), plaintiff was bound by its plain and unambiguous terms. The separation agreement here specifically provided that "the wife will elect the survivorship options at her discretion under the understanding that she will pay the cost of said survivorship election, if any." That language is clear and unambiguous and is binding on the parties. To the extent that plaintiff claims that the parties stipulated that the

---

* Defendant's brief deals solely with the issue of the retirement option and the appeal from the divorce is, therefore, deemed abandoned.

court could modify that provision in the settlement stipulation, nothing in the record before us reflects that. Therefore, Supreme Court's order must be modified accordingly.

Cardona, P.J., Mercure, Rose and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as directed the parties to share the cost of the retirement option selected; said costs to be borne by plaintiff; and, as so modified, affirmed. Ordered that the judgment is affirmed, without costs.