■ In the Matter of DENISE BUGDIN, Appellant, v JAMES A. BUGDIN, Respondent. [793 NYS2d 505]—

In a child support proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Suffolk County (Blass, J.), entered June 3, 2004, which denied her objections to an order of the same court (Buetow, S.M.), dated March 12, 2004, which, after a hearing, denied her motion, in effect, to enforce the child support provisions of a stipulation and for leave to enter a money judgment for arrears for unreimbursed orthodontic, dental, and medical expenses for the parties' children, and directed the father to pay only 53% of the college expenses of the child Laura Bugdin, and an order of the same court (Buetow, S.M.), dated April 19, 2004, which denied her motion for an award of an attorney's fee.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the mother's objection to so much of the order dated March 12, 2004, as denied her motion, in effect, to enforce the child support provisions of the stipulation, and substituting therefor a provision sustaining that objection; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for further proceedings consistent herewith.

In 1998 the parties entered into a written stipulation of settlement (hereinafter the stipulation), which was ultimately incorporated, but not merged with, the parties' judgment of divorce entered January 8, 1999. Several years later, the mother, who commenced the instant child support proceeding, essentially sought to enforce the stipulation's child support provisions, which effectively provided that the father's child support obligation would be periodically calculated pursuant to the Child Support Standards Act (see Family Ct Act § 413). That provision of the stipulation was clear (see Matter of Kirdahy v Scalia, 301 AD2d 525, 526 [2003]), and the Support Magistrate improperly required the mother to demonstrate the existence of a "change in circumstances" in order to have the father's child support obligation changed (cf. Matter of Hanehan v Hanehan, 270 AD2d 560, 561 [2000]). Instead, the Support Magistrate should have recalculated the father's child support obligation in accordance with the Child Support Standards Act. Accordingly, we remit the matter to the Family Court, Suffolk County for that purpose (see Matter of Kirdahy v Scalia, supra at 527). In that regard, under the circumstances, the Support Magistrate had a proper

basis for imputing income to the mother (*see* Family Ct Act § 413 [1] [b] [5] [iv]; *Fendsack v Fendsack,* 290 AD2d 682, 683 [2002]).

The mother's remaining contentions are without merit. Adams, J.P., Ritter, Mastro and Rivera, JJ., concur.