■ CAROLE L. MEDEIROS, Respondent, v JOHN MEDEIROS, Appellant. [823 NYS2d 637]—

Appeal from an order of the Supreme Court, Erie County

(John A. Michalek, J.), entered November 30, 2005. The order, among other things, granted that part of plaintiff's motion seeking enforcement of the child support provision of a prior order entered on stipulation of the parties.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by vacating the fifth through seventh ordering paragraphs and as modified the order is affirmed without costs, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: In 1999 the parties entered into a property settlement and separation agreement (Agreement) that was incorporated into their divorce judgment. Approximately six years later, they entered into an open-court stipulation modifying certain terms of the Agreement and an order was subsequently entered on the stipulation. Supreme Court properly granted that part of plaintiff's motion seeking enforcement of the child support provision of the stipulated order. Contrary to defendant's contention, the court did not improperly modify the terms of the Agreement as modified by the order with respect to child support. Rather, the order appealed from accurately reflects the terms of the Agreement, as modified, with respect to child support.

We reach a different conclusion, however, with respect to the order insofar as it grants that part of plaintiff's motion seeking enforcement of those provisions of the stipulated order setting forth defendant's obligation to pay the educational expenses of the parties' child. The stipulated order modifies only that part of the Agreement providing for defendant's obligation to pay tuition by capping that obligation at the lesser of the tuition expense at a New York State University or the actual amount of tuition owed less any tuition assistance received. Thus, defendant's obligation to pay the child's tuition at Bennington College is capped at the amount that he would have paid for tuition had the child elected to attend a New York State University. The stipulated order does not modify defendant's obligation under the Agreement to pay other expenses related to the child's education, i.e., "room, school fees, mandatory charges, books, and reasonable travel to and from school." Thus, the court erred in calculating defendant's obligation to pay the child's educational expenses at Bennington College, other than tuition, based upon the amounts charged for those expenses at a New York State University. The court further erred in directing defendant to pay for board. Defendant assumed no obligation to pay board under the Agreement as modified by the stipulated order, and the Agreement, as modified, should be enforced ac-

cording to its terms (*see Matter of Kirdahy v Scalia,* 301 AD2d 525, 526 [2003]). We therefore modify the order appealed from by vacating the fifth through seventh ordering paragraphs, and we remit the matter to Supreme Court to recalculate defendant's obligation to pay the educational expenses of the parties' child consistent with the Agreement as modified by the stipulated order. Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Kehoe and Green, JJ.