Appeal from an order of the Supreme Court, Monroe County (Philip A. Litteer, R.), entered September 13, 2006. The order, inter alia, directed defendant to reimburse plaintiff for defendant’s pro rata share of the uncovered medical expenses of the parties’ children.
It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
*1294 Memorandum: By order to show cause, plaintiff sought, inter alia, reimbursement for defendant’s pro rata share of the uncovered medical expenses of the parties’ children, modification of the divorce judgment to require defendant to contribute to the college expenses of the parties’ daughter, and an award of counsel fees. We reject the contention of defendant that the Referee erred in directing him to reimburse plaintiff the sum of $4,896.88 for the children’s uncovered medical expenses. Pursuant to the parties’ stipulation, which was incorporated but not merged into the judgment of divorce, defendant was obligated to pay his pro rata share of the children’s uncovered medical expenses and, contrary to defendant’s contention, the stipulation did not deviate from the provisions of the Child Support Standards Act (see Domestic Relations Law § 240 [1-b] [c] [5]; see also Matter of Wolf v Wolf, 293 AD2d 811, 813-814 [2002]).
Contrary to the further contention of defendant, the Referee properly ordered him to contribute 85% of the college expenses of the parties’ daughter, “based upon the tuition and expense schedule currently in place for the State University of New York College System.” Although the college expenses of the parties’ daughter were not addressed in the stipulation, “[i]n certain circumstances, a parent may be required to contribute to a child’s higher education expenses even in the absence of an agreement to do so” (McDonald v McDonald, 262 AD2d 1028, 1029 [1999]; see Matter of Naylor v Galster, 48 AD3d 951, 952-953 [2008]; Matter of Holliday v Holliday, 35 AD3d 468, 469 [2006]). Factors for a referee or court to consider include the parents’ educational background, the child’s scholastic ability, and the parents’ ability to pay (see Fruchter v Fruchter, 288 AD2d 942, 943 [2001]). Here, both parents were college educated, their daughter was performing well in college, and the Referee properly determined the appropriate percentage with respect to defendant’s ability to contribute to her college expenses. We reject the contention of defendant that the Referee erred in failing to award him a credit against his basic child support obligation for his contribution toward the college expenses of the parties’ daughter (see generally Pistilli v Pistilli, 53 AD3d 1138, 1139-1140 [2008]).
Defendant further contends that the Referee erred in awarding plaintiff counsel fees because she had not signed a new retainer agreement prior to making her postjudgment application for counsel fees. We reject that contention inasmuch as the initial retainer agreement was executed in anticipation of the need for postjudgment litigation, and thus there was substantial compliance with 22 NYCRR part 1400 (cf. Mulcahy v Mulcahy, *1295 285 AD2d 587, 588 [2001], lv denied 97 NY2d 605 [2001]; see generally 22 NYCRR 1400.2, 1400.3). Finally, we reject defendant’s contention that the Referee abused his discretion in awarding plaintiff the sum of $14,339 in counsel fees. Present— Scudder, P.J., Martoche, Centra, Lunn and Gorski, JJ.