■ CAITLIN CHALK, Respondent, v J. ADRIAN S. CHALK, Appellant. [903 NYS2d 510]—

In a matrimonial action in which the parties were divorced by judgment entered November 3, 2006, the defendant appeals from an order of the Supreme Court, Dutchess County (Forman, J.), dated August 10, 2009, which denied those branches of his motion which were to vacate the child support provisions of the judgment of divorce and to set aside the child support provisions of the parties' separation agreement dated August 8, 2005, which were incorporated but not merged into the judgment of divorce.

Ordered that the order is affirmed, with costs.

In August 2005 the parties entered into a written separation agreement which was ultimately incorporated, but not merged into, their judgment of divorce entered November 3, 2006. In April 2009 the plaintiff commenced a child support enforcement proceeding in the Family Court, Dutchess County, seeking to enforce the child support provisions of the separation agreement. The defendant, instead of cross-moving within the Family Court enforcement proceeding to vacate the child support provisions of the separation agreement, or commencing a separate plenary action in the Supreme Court for that relief, improperly moved by order to show cause in the Supreme Court (*see Barany v Barany*, 71 AD3d 613 [2010]). Although the Supreme Court should have denied the defendant's motion on the ground that it was not the "proper vehicle for challenging the propriety of child support provisions contained in a separation agreement . . . , incorporated, but not merged, into a judgment of divorce"

(*id.* at 614), it denied it on the merits. The defendant appeals. We affirm.

"A separation agreement that is incorporated into but not merged with a divorce decree is an independent contract binding on the parties unless impeached or challenged for some cause recognized by law" (*Merl v Merl*, 67 NY2d 359, 362 [1986]). Parties are bound by the terms of their agreement (*see Matter of Kirdahy v Scalia*, 301 AD2d 525, 526 [2003]) and judicial review of separation agreements is exercised sparingly with a goal of encouraging parties to settle their differences on their own (*see Christian v Christian*, 42 NY2d 63, 71-72 [1977]; *Ricca v Ricca*, 57 AD3d 868, 869 [2008]; *Korngold v Korngold*, 26 AD3d 358 [2006]).

Contrary to the defendant's contention, the child support provisions of the separation agreement adequately recite the language mandated by the Child Support Standards Act (hereinafter CSSA) (*see* Domestic Relations Law § 240 [1-b] [h]; *Matter of Ricca v Ricca*, 57 AD3d at 869). The separation agreement clearly indicates that the parties chose to apply the CSSA to their total combined income. The parties were not required to articulate any reasons to justify their agreement in this regard (*see Ramon v Ramon*, 49 AD3d 843, 844 [2008]; *Matter of Wolf v Wolf*, 293 AD2d 811, 813 [2002]). Moreover, despite the defendant's argument that the child support provisions in the separation agreement contain some mathematical errors, there is no requirement that a separation agreement set forth the actual calculations used to reach the sums set forth therein (*see Bright v Freeman*, 24 AD3d 586, 587 [2005]). Additionally, the defendant's argument that the separation agreement deviates from the CSSA by providing for a recalculation of the child support obligation periodically is without merit, as that provision states that the recalculations would be performed in accordance with the CSSA (*see Matter of Bugdin v Bugdin*, 17 AD3d 585, 586 [2005]).

The defendant's remaining contentions either are without merit or have been rendered academic by our determination. Dillon, J.P., Miller, Chambers and Lott, JJ., concur.