■ SHARON SUE COLLINS, Respondent, v PATRICK MICHAEL COLLINS, Appellant. [15 NYS3d 201]—

Appeals from (1) an order of the Supreme Court, Dutchess County (Christine A. Sproat, J.), dated March 25, 2011, and (2) an order of the same court (Lisa E. Rubenstein, Ct. Atty. Ref.), dated August 30, 2012. The order dated March 25, 2011, insofar as appealed from, denied that branch of the defendant's motion which was to vacate the child support provisions of a judgment of divorce of the same court dated April 18, 2002. The order dated August 30, 2012, insofar as appealed from, after a hearing, granted that branch of the plaintiff's cross motion which was for an award of child support arrears in the principal sum of $88,969.52.

Ordered that the orders are affirmed insofar as appealed from, without costs or disbursements.

The parties' 2002 stipulation of settlement in their divorce action provided that the defendant would pay the amount of child support for his two children required by the Child Support Standards Act (see Domestic Relations Law § 240 [1-b] [hereinafter the CSSA]). In that stipulation, the parties represented that the defendant's annual income was approximately $75,000 and the plaintiff's annual income was approximately $26,000. That stipulation was incorporated but not merged in the judgment of divorce, which provided that the defendant was to pay child support in the sum of $1,533.42 per month.

Contrary to the defendant's contention, the fact that the parties' calculation of the defendant's child support obligation pursuant to their stipulation of settlement was based upon total combined parental income, rather than the first $80,000 of combined parental income (applicable at the time the stipulation was executed), was not a deviation from the CSSA (see St. Louis v St. Louis, 86 AD3d 706, 708 [2011]). Therefore, the parties were not required to set forth an explanation in the stipulation as to why they were including combined parental income in excess of $80,000 or to comply with the provisions of Domestic Relations Law § 240 (1-b) (h) applicable to agreements which opt out of the CSSA (see St. Louis v St. Louis, 86 AD3d at 708; Chalk v Chalk, 74 AD3d 1118, 1119 [2010]; Matter of Wolf v Wolf, 293 AD2d 811, 814 [2002]). Moreover, the terms of the judgment of divorce were not inconsistent with the stipulation of settlement.

Further, the defendant failed to establish grounds to relieve

him of his obligation to pay arrears which accrued prior to his motion for downward modification of child support (*see Rivers v Rivers*, 35 AD3d 426, 428-429 [2006]).

The defendant's remaining contentions are without merit.

Accordingly, upon our review of the merits (*see Macchio v Macchio*, 120 AD3d 560 [2014]), we conclude that an affirmance herein is appropriate. Eng, P.J., Hall, Hinds-Radix and LaSalle, JJ., concur.