[626 NYS2d 592]

In the Matter of Rubie J. Sievers, Appellant, v Michael J. Estelle, Respondent.

Third Department, May 18, 1995

### APPEARANCES OF COUNSEL

*Holmberg, Galbraith, Holmberg & Orkin,* Ithaca *(Diane L. Galbraith* of counsel), for appellant.

*Karen Silverstein,* Ithaca *(Iska Ziver* of counsel), for respondent.

### OPINION OF THE COURT

CASEY, J.

To resolve a custody dispute between the parties which arose when petitioner failed to return their son to respondent at the end of a visitation period, respondent agreed to the transfer of physical custody of the child to petitioner and petitioner agreed to waive child support from respondent. The agreement was approved by Family Court. Less than a year later, petitioner sought child support from respondent, claiming, *inter alia,* that her agreement to waive child support was void as against public policy. Family Court avoided the public policy issue by construing the agreement not as an absolute waiver of respondent's support obligation, but as an agreement to fix respondent's current support obligation at $0, subject to future adjustment pursuant to the principles applicable whenever a party seeks modification of a previously agreed-upon amount of child support. Finding no change of circumstances that could not have been foreseen by petitioner when she entered into the agreement with respondent, Family Court dismissed the petition. Shortly thereafter, petitioner filed a second petition, again seeking child support from respondent. Family Court dismissed the second petition, again finding no change in circumstances which would warrant a modification of the agreement. Petitioner appeals from both orders of dismissal.

The Child Support Standards Act (hereinafter CSSA) provides that an agreement which deviates from the basic child support obligation "must specify the amount that such basic child support obligation would have been and the reason or reasons that such agreement or stipulation does not provide for payment of that amount" (Family Ct Act § 413 [1] [h], as amended by L 1992, ch 41, § 148, eff Apr. 2, 1992). The agreement at issue, which provides for no child support, clearly deviates from the basic child support obligation,\* and the parties' agreement contains neither the amount of the basic child support obligation nor the reason for deviating therefrom. The requirement that the agreement so provide cannot be waived by either party (Family Ct Act § 413 [1] [h]) and, therefore, petitioner's failure to raise the defect is irrelevant. The question to be resolved is what effect the defect has on the parties' agreement.

Prior to the 1992 amendment, the CSSA provided only that an agreement containing a child support provision must include a statement that the parties were aware of the CSSA (Family Ct Act § 413 [1] [h], as added by L 1989, ch 567, § 8). In *Matter of Clark v Clark* (198 AD2d 599), we considered the effect of the absence of such a statement and concluded that an agreement would remain enforceable despite the omission if in fact the parties were aware of the provisions of the CSSA when they executed the agreement. We therefore remitted the matter in *Matter of Clark v Clark (supra)* for a hearing on that issue *(see, Gonsalves v Gonsalves,* 212 AD2d 932). By amending the CSSA to require the inclusion of specific information, the Legislature evinced the intent that the parties' general knowledge of the rights and obligations created by the CSSA is no longer sufficient.

As amended, the statute now requires not only the parties' general knowledge of the provisions of the CSSA, but also specific knowledge of the amount that the basic child support obligation would have been and an awareness that such amount "would presumptively result in the correct amount of child support to be awarded" (Family Ct Act § 413 [1] [h]). The CSSA also now requires that the parties to the agreement

---

\* There is nothing in the record to suggest that respondent is indigent and that his basic child support obligation could be fixed at $0 *(cf., Matter of Rose v Moody,* 83 NY2d 65, *cert denied sub nom. Attorney Gen. of N. Y. v Moody,* — US —, 114 S Ct 1837).

state the reason or reasons for any deviation from the amount of the basic child support obligation *(ibid.)*. The purpose of these requirements is to protect the interests of the children who are the intended beneficiaries of the CSSA.

Assuming that the omission of the required information in the agreement itself is not a fatal defect, we are of the view that the purpose of the statutory requirements would not be served by permitting the omission to be cured on the basis of a hearing to determine the parties' subjective knowledge and intent. In the absence of any written, documentary evidence to demonstrate compliance with the requirements of the CSSA, such as writings executed contemporaneously with the agreement or submitted in support of the petition for court approval of the agreement, the parties' agreement is insufficient to justify deviation from the basic child support obligation *(see,* Family Ct Act § 413 [1] [h]). The orders must, therefore, be reversed and the matter remitted to Family Court to determine the amount respondent must pay in child support pursuant to the provisions of the CSSA.

CARDONA, P. J., MERCURE, WHITE and SPAIN, JJ., concur.

Ordered that the orders are reversed, on the law, without costs, and matter remitted to the Family Court of Tompkins County for further proceedings not inconsistent with this Court's decision.