■ In the Matter of ALLEGANY COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of JENNIFER L. H., Respondent, v THOMAS T., Appellant. [710 NYS2d 745] —Order unanimously reversed on the law without costs, objections granted, order of Hearing Examiner vacated and matter remitted to Allegany County Family Court for further proceedings on the petition. Memorandum: Respondent appeals from an order of Family Court that denied his objections to those parts of a Hearing Examiner's order requiring respondent to pay arrears and $25 per week in child support. Petitioner commenced this proceeding seeking a declaration of paternity and an order of support. Respondent, who was 19 years old and whose only source of income was supplemental security income (SSI) benefits in the amount of $517 per month, appeared *pro se* before the Hearing Examiner on the return date of the petition. The Hearing Examiner informed respondent that he had the right to the services of an attorney, that an attorney would be appointed for him if he could not afford one and that he was entitled to

an adjournment for the purpose of retaining the services of an attorney. Respondent stated unequivocally that he wanted to have an attorney appointed for him. The Hearing Examiner reserved decision on respondent's request for an attorney and ordered genetic marker tests.

Respondent again appeared *pro se* at the next scheduled appearance before the Hearing Examiner. The Hearing Examiner indicated that the genetic marker test results established a 99.63 percent probability that respondent was the father of the child at issue. The Hearing Examiner did not ask respondent whether he still wanted to have an attorney appointed for him; the Hearing Examiner proceeded to extract an admission of paternity from respondent. Only after respondent admitted paternity did the Hearing Examiner provide respondent with a form that contained what the Hearing Examiner described as "the rights I've advised you of orally," and respondent signed the form. Although the form advised respondent of his right to an attorney, it was not provided to him until after he admitted paternity.

The Hearing Examiner then asked the child's mother how much support she "wanted" from respondent. She indicated that she wanted $25 per week, and the Hearing Examiner asked respondent whether he was willing to pay that amount. Respondent stated that he was, but asked the Hearing Examiner whether the Hearing Examiner had been provided with a copy of respondent's "Social Security stuff." The Hearing Examiner answered "no," ordered respondent to pay $25 per week, and set arrears based upon that amount.

We agree with respondent that his right to counsel pursuant to Family Court Act § 262 (a) (viii) was violated when the Hearing Examiner ignored his unequivocal request for the appointment of counsel. The objections to the Hearing Examiner's order should have been granted on that ground alone.

In addition, the amount of child support set by the Hearing Examiner was illegal. Respondent's income of $517 per month, consisting solely of SSI benefits, was below the poverty level; therefore, it was error to require respondent to pay the amount of $25 per week (*see,* Family Ct Act § 413 [1] [d]; *Matter of Rose v Moody,* 83 NY2d 65, *cert denied sub nom. Attorney Gen. of N. Y. v Moody,* 511 US 1084). We reject the conclusion of Family Court, set forth in its decision underlying the order denying respondent's objections, that respondent consented to the amount of child support. The consent of respondent was obtained in violation of his right to counsel. We further note that the Hearing Examiner's order also violates the nonwaiv-

able provision of Family Court Act § 413 (1) (h) requiring that an order incorporating the parties' agreement to deviate from the basic child support obligation must contain the court's reasons for approving the deviation (*see, Matter of Michelle W. v Forrest James P.*, 218 AD2d 175, 178). Although that issue is raised for the first time in respondent's brief, it is nevertheless properly before us; the issue is one of law appearing on the face of the record that petitioner could not have countered had it been raised in the court of first instance (*see, Oram v Capone*, 206 AD2d 839, 840).

We therefore reverse the order, grant the objections, vacate the order of the Hearing Examiner and remit the matter to Allegany County Family Court for further proceedings on the petition. (Appeal from Order of Allegany County Family Court, Feeman, Jr., J.—Support.) Present—Pigott, Jr., P. J., Green, Hayes and Hurlbutt, JJ.