■ STEPHEN D. FESSENDEN, Appellant, v JULIANNE Z. FESSENDEN, Respondent. [761 NYS2d 725] —Kane, J. Appeal from a judgment of the Supreme Court (Monserrate, J.), ordering, inter alia, equitable distribution of the parties' marital property and maintenance to defendant, entered March 8, 2002 in Broome County, upon a decision of the court.

The parties were married in 1985. Plaintiff filed for divorce in 2000 and defendant counterclaimed. Most of the marital issues were resolved through an oral stipulation immediately preceding trial. After trial of the remaining issues, Supreme Court awarded defendant maintenance, increased the stipulated child support payable to defendant, determined that $27,390 was defendant's separate property and granted her a credit in that amount toward the value of the marital residence. Plaintiff appeals.

Plaintiff argues that it was improper for Supreme Court to award maintenance. The determination to award maintenance and the proper amount are committed to the trial court's sound discretion (*see Myers v Myers*, 255 AD2d 711, 716 [1998]). In making this determination, the court must consider the statutory factors (*see* Domestic Relations Law § 236 [B] [6] [a];

*Myers v Myers, supra* at 716-717). Supreme Court properly considered the parties' predivorce standard of living, the shared physical custody arrangement, the 15-year duration of the marriage, the ages of the parties and the parties' disparate incomes after adjustments for child support. The record also reflects that defendant removed herself from the workforce full time for three years and part time for an additional five years after the birth of the parties' child. Given these facts, the award of maintenance to defendant in the amount of $100 per week until the end of December 2005 was not an abuse of discretion.

Supreme Court properly disregarded the parties' stipulation as to child support. The stipulation failed to comply with non-waivable requirements of the Child Support Standards Act (Domestic Relations Law § 240 [1-b] (hereinafter CSSA) by omitting the amount of the basic child support obligation pursuant to the CSSA and failing to indicate the reasons for deviating therefrom (*see* Domestic Relations Law § 240 [1-b] [h]; *Clark v Liska*, 263 AD2d 640, 641 [1999]; *Matter of Sievers v Estelle*, 211 AD2d 173, 175-176 [1995]). The stipulation's child support provision is therefore invalid and unenforceable (*see Campbell v Campbell*, 282 AD2d 492, 493 [2001]; *Toussaint v Toussaint*, 270 AD2d 338, 338-339 [2000]; *Tartaglia v Tartaglia*, 260 AD2d 628, 629 [1999]; *Matter of Sievers v Estelle, supra* at 176). Based on the proof already before the court and the award of maintenance, the court entered a child support award different from the amount stipulated by the parties, but in accordance with the CSSA (*see* Domestic Relations Law § 240 [1-b] [f], [h]). Notably, as recited by defendant in her brief, the proposed judgment containing the increased child support was presented to Supreme Court on notice to and without objection from plaintiff. Under these circumstances, the award of child support will not be disturbed.

Supreme Court did err, however, when it awarded defendant a $27,390 credit against the equity in the marital residence. After receipt of the money, which was clearly separate property initially as it was a gift from defendant's father to her individually (*see Van Dyke v Van Dyke*, 273 AD2d 589, 592 [2000]; *Allen v Allen*, 263 AD2d 691, 692 [1999]), the funds were deposited into the parties' joint bank account. Thereafter, substantially all of these funds were used as a down payment on their first marital residence. Upon the sale of that residence, the proceeds were deposited into another joint account out of which marital expenses were paid, including rent for two different apartments. The parties next purchased a house using money from the joint account as a down payment. Upon

the sale of that house, the proceeds were again deposited into a joint account. Finally, the funds in this account were used to purchase a third house, the parties' marital residence at the time of separation. Under the totality of the circumstances, including the long history of commingling the proceeds from the sale of the parties' first residence with marital assets in various ways for well over a decade, defendant's separate property lost its character as such (*see Dunn v Dunn*, 224 AD2d 888, 890 [1996]; *compare Myers v Myers, supra* at 716). Given the length of the marriage and the relative contributions of the parties, both financial and nonfinancial, we agree that a 50/50 division of marital property was appropriate. The equity in the marital residence was $47,783. Plaintiff is entitled to one-half the equity, or $23,891.50, plus $1,013 for half the 2000-2001 school taxes, for a total distribution of $24,904.50. Subtracting the $11,260 awarded by Supreme Court, a balance of $13,644.50 remains to be paid by defendant to plaintiff within six months of the date of this decision.

Plaintiff's remaining contentions have been reviewed and are without merit.

Crew III, J.P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by valuing defendant's interest in the equity of the marital residence at $24,904.50; defendant is directed to pay plaintiff $13,644.50 within six months of the date of this Court's decision; and, as so modified, affirmed.