In the Matter of GREG SMITH, Respondent, v INEZ MATHIS-SMITH, Now Known as INEZ MATHIS-CLARK, Appellant. [794 NYS2d 556]—

Appeal from an order of the Family Court, Monroe County (Gail A. Donofrio, J.), entered September 22, 2003 in a proceeding pursuant to Family Court Act article 4. The order denied respondent's objections to an order of the hearing examiner.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Pursuant to a prior consent order entered in a paternity proceeding under article 5 of the Family Court Act, petitioner father was "responsible for providing for the needs of the child[ ] and [would] not seek support from [respondent] mother, for child support or child care expenses." Petitioner, who had joint custody and physical residence of the child, subsequently commenced this proceeding seeking child support under article 4 of the Family Court Act. Following a hearing, the Hearing Examiner issued an order that, inter alia, required respondent to pay child support and contribute to child care costs. We conclude that Family Court properly denied respondent's objections to the order of the Hearing Examiner.

We reject respondent's contention that the filing of the petition herein was untimely. Respondent's contention is based on the time limits for an appeal set forth in Family Court Act § 1113, and respondent's reliance on that section is misplaced because the filing of the petition did not constitute an appeal from the prior order. Rather, the filing of the petition commenced a new proceeding under article 4 of the Family Court Act. Additionally, contrary to respondent's contention, Family Court Act § 516 does not preclude petitioner from commencing this proceeding. The prior order was not an order approving an "agreement or compromise" pursuant to Family Court Act § 516 inasmuch as paternity was judicially determined (*see Matter of Michelle W. v Forrest James P.*, 218 AD2d 175, 177 [1996]).

Finally, we conclude that petitioner was not required to establish a basis to set aside or modify the prior order. The prior order did not comply with Family Court Act § 413 (1) (h) because it failed to set forth the presumptive child support amount or the court's reasons for deviating from that amount (*see Matter of Smyth v Flanigan*, 2 AD3d 1254, 1254-1255 [2003]; *Matter of Allegany County Dept. of Social Servs. v Thomas T.*, 273 AD2d 916, 917-918 [2000]; *Michelle W.*, 218 AD2d at 178). The provisions of Family Court Act § 413 (1) (h) may not be waived by either parent, and the failure of petitioner to contend that the prior order failed to comply with that section is of no moment (*see Matter of Sievers v Estelle*, 211 AD2d 173, 175 [1995]; *see also Allegany County Dept. of Social Servs.*, 273 AD2d at 917-918). Indeed, because the prior order failed to comply with Family Court Act § 413 (1) (h), it is void ab initio, and the court was required to disregard it and to address the child support issue de novo (*see Matter of Mitchell v Mitchell*, 264 AD2d 535, 538 [1999], *lv denied* 94 NY2d 754 [1999]). Present—Hurlbutt, J.P., Scudder, Gorski, Pine and Lawton, JJ.