■ CHRISTINA CHANT SULLIVAN, Respondent, v STEVEN CALVERT SULLIVAN, Appellant. [— NYS2d —]—

Peters, J. Appeal from an order of the Supreme Court (Hall, J.), entered June 20, 2007 in Saratoga County, which, among other things, denied defendant's cross motion to declare void certain provisions in the parties' settlement agreement.

In October 2004, the parties executed a settlement agreement which was thereafter incorporated, but not merged, into a February 2005 judgment of divorce. When plaintiff moved to, among other things, collect arrearages emanating from the maintenance and child support provisions of that agreement, defendant cross-moved to have those provisions declared void. After a hearing, Supreme Court granted plaintiff's motion and denied defendant's cross motion. Defendant only appeals that portion of the order which failed to vacate the child support provisions in both the settlement agreement and judgment of divorce.

Defendant's recent challenge to the settlement agreement based upon his pro se status is not properly before this Court (*see Matter of Di Maio [Commissioner of Labor]*, 12 AD3d 756, 758 [2004]). In any event, "that a party is not represented by an attorney in connection with the negotiation and execution of a separation agreement is not fatal to its enforceability, especially where that party makes a conscious decision not to seek the assistance of counsel" (*Croote-Fluno v Fluno*, 289 AD2d 669, 671 [2001]; *see Lavelle v Lavelle*, 187 AD2d 912, 912 [1992]). As the parties acknowledged multiple times in the settlement agreement that they were given an opportunity to have separate counsel review and advise them of their respective legal rights, defendant's choice not to consult any attorney before executing the agreement does not undermine its validity.

Next reviewing its challenged provisions, the agreement clearly indicates that the parties were advised of the Child Support Standards Act (hereinafter CSSA), the presumptive amount which would be awarded thereunder, albeit miscalculated (*see* Domestic Relations Law § 240 [1-b] [h]), and the reasons why the parties sought to deviate therefrom (*see Fessenden v Fessenden*, 307 AD2d 444, 445 [2003]; *Lounsbury v Lounsbury*, 300 AD2d 812, 816 [2002]). While we agree that an omission of the nonwaivable statutory requirements would render the agreement void (*see Fessenden v Fessenden*, 307 AD2d at 445; *Blaikie v Mortner*, 274 AD2d 95, 100 [2000]; *Matter of Mitchell v Mitchell*, 264 AD2d 535, 538 [1999], *lv denied* 94 NY2d 754 [1999];

*Matter of Sievers v Estelle*, 211 AD2d 173, 175-176 [1995]), where, as here, each and every other statutory requirement is met, yet the basic child support obligation from which the deviation is sought is stated but miscalculated, that alone may not be enough to invalidate the agreement (*see Tremont v Tremont*, 35 AD3d 1046, 1048-1049 [2006]; *Echeverri v Echeverri*, 278 AD2d 130, 131 [2000]).

Despite defendant's failure to correct the error for approximately 2½ years, it is clear that the error emanated from the parties' failure to deduct the agreed upon maintenance from defendant's income prior to the calculation under the CSSA (*see* Domestic Relations Law § 240 [1-b] [b] [5] [vii] [C]). Such error resulted in defendant's agreement to pay child support in the amount of $1,500 when the presumptively correct CSSA amount would have been $1,548. With the settlement agreement further providing that there will never be any upward modification of child support, only a downward modification based upon defendant's income, and that all of the enumerated tax benefits would enure to defendant, despite the fact that they would have been properly credited to plaintiff, we find no basis upon which we would void the otherwise valid child support provisions in the settlement agreement. Moreover, with Supreme Court having stated its reasons for allowing the deviation in its decision supporting the issuance of the judgment of divorce on the same date when it permitted the incorporation of the parties' agreement in the action for divorce, there is no viable challenge to such judgment (*see* Domestic Relations Law § 240 [1-b] [h]). As defendant's remaining contention regarding a presumptive award of counsel fees is not properly before us, we affirm.

Crew III, J.P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.