■ In the Matter of RONALD A. USENZA, Appellant, v MAURA G. SWIFT, Now Known as MAURA GANNON, Respondent. (Proceeding No. 1.) In the Matter of MAURA GANNON, Respondent, v RONALD A. USENZA, Appellant. (Proceeding No. 2.) (And Two Other Related Proceedings.) [859 NYS2d 760]—

Peters, J.P. Appeals (1) from an order of the Family Court of Albany County (Duggan, J.), entered August 10, 2006, which, among other things, dismissed petitioner's application, in proceeding No. 1 pursuant to Family Ct Act article 4, for modification of a prior child support order, (2) from an order of said court, entered October 24, 2006, which granted petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 4, to hold respondent in willful violation of a prior child support order, and (3) from an order of said court, entered October 25, 2006, which dismissed petitioner's applications, in two proceedings pursuant to Family Ct Act article 4, for modification of a prior child support order.

Ronald A. Usenza (hereinafter the father) and Maura G. Swift

(hereinafter the mother) are the parents of one child (born in 1998). By order entered upon consent in 2001, the parties were awarded joint legal and physical custody of the child. At a support hearing held in March 2005, the parties orally agreed that the father would pay $750 per month in child support to the mother, retroactive to September 2004. A subsequent hearing was held in July 2005 to address an administrative adjustment to the existing support order, which resulted in an amended order of support.

In January 2006, the father sought a modification of the July 2005 order on the ground that it failed to comply with the Child Support Standards Act (*see* Family Ct Act § 413 [hereinafter CSSA]) and that a change of circumstances had occurred. Thereafter, the mother charged the father with willful violation of the July 2005 support order. Following a hearing on these petitions, a Support Magistrate issued a June 2006 order dismissing the father's modification petition, finding that the father's failure to file written objections from the July 2005 support order precluded his argument that it violated the CSSA and that he failed to establish a change of circumstances. Further determining that the father willfully violated the prior support order, the Support Magistrate granted the mother's violation petition, established arrears and awarded the mother counsel fees. Family Court confirmed these findings. Meanwhile, the father commenced two proceedings for modification of the prior order of support, essentially reiterating the allegations in his January 2006 petition and attacking the Support Magistrate's June 2006 determination. The Support Magistrate's dismissal of these petitions on res judicata grounds was confirmed by Family Court. The father now appeals.

The father first asserts that the July 2005 order of support must be set aside because the parties' agreement to deviate from the CSSA failed to comply with the requirements of Family Ct Act § 413 (1) (h). We agree. As relevant here, this provision requires that all such agreements or stipulations contain an acknowledgment that the parties have been advised of the CSSA, a statement "that the basic child support obligation provided for therein would presumptively result in the correct amount of child support to be awarded" and a specification as to what the amount of support would have been under the statute (Family Ct Act § 413 [1] [h]). "The requirement that the agreement so provide cannot be waived by either party" and, therefore—contrary to the mother's assertions and the findings of Family Court—the father's failure to raise this defect by way of a timely objection to the July 2005 order is not fatal (*Matter*

*of Sievers v Estelle*, 211 AD2d 173, 175 [1995] [citation omitted]; *see Matter of Smith v Mathis-Smith*, 17 AD3d 1157, 1158 [2005]).

The parties appeared before the Support Magistrate, unrepresented by counsel, and engaged in an oral colloquy whereby the father agreed to pay $750 per month in child support. In so doing, the Support Magistrate advised the father that the amount he would be required to pay under the "[g]uidelines" would be $425 per month. However, in its subsequent findings of fact and order incorporating the oral stipulation, the Support Magistrate correctly found that the father's basic child support obligation under the CSSA was $398 per month. Although we have held that where "each and every other statutory requirement is met, yet the basic child support obligation from which the deviation is sought is stated but miscalculated, that alone may not be enough to invalidate the agreement" (*Sullivan v Sullivan*, 46 AD3d 1195, 1197 [2007]), we are not here presented with a simple miscalculation. Rather, here, the record of the oral stipulation is devoid of evidence that the parties were advised of the provisions of the CSSA (*see Matter of Sievers v Estelle*, 211 AD2d at 175; *Sloam v Sloam*, 185 AD2d 808, 809 [1992]), and we find the Support Magistrate's mere reference to the "[g]uidelines" to be insufficient to satisfy this statutory directive (*compare Matter of McColl v McColl*, 6 AD3d 794, 795 [2004]; *Gallet v Wasserman*, 280 AD2d 296, 297 [2001]).* Indeed, "it is clear that the statutory intent is to ensure that a party be aware of all of the relevant provisions of the CSSA . . . in order to knowingly and intelligently waive those rights" (*Matter of Bill v Bill*, 214 AD2d 84, 90 [1995]; *see Matter of Sievers v Estelle*, 211 AD2d at 175-176). Further, the stipulation fails to establish that the parties were apprised that the application of the statute "would presumptively result in the correct amount of child support to be awarded" (Family Ct Act § 413 [1] [h]; *see Matter of Sievers v Estelle*, 211 AD2d at 176). Thus, the omission of these statutory catechisms renders the stipulation and resulting order unenforceable (*see Sullivan v Sullivan*, 46 AD3d at 1197; *Fessenden v Fessenden*, 307 AD2d 444, 445 [2003]) and, consequently, the court was required to disregard it and address the support issue de novo (*see Matter of Mitchell v Mitchell*, 264 AD2d 535, 538 [1999], *lv denied* 94 NY2d 754 [1999]; *Matter of*

---

* We note that while the CSSA prohibits a court from entering a final order of child support unless an unrepresented parent has received a copy of the child support standards chart (*see* Family Ct Act § 413 [1] [i]), the record does not reflect that the father received such chart prior to the entering of the order (*see Farca v Farca*, 271 AD2d 482, 483 [2000]).

*Smith v Mathis-Smith,* 17 AD3d at 1158). The matter must, therefore, be remitted to Family Court to determine the amount the father must pay in child support pursuant to the provisions of the CSSA.

Further, since the July 2005 order of support was invalid since its inception, we must vacate Family Court's finding that the father was in willful violation thereof (*cf. People v Bleau,* 276 AD2d 131, 133-134 [2001]).

In light of our determination, the father's remaining contentions have been rendered academic.

Rose, Lahtinen, Kane and Stein, JJ., concur. Ordered that the orders are reversed, on the law, without costs, and matter remitted to the Family Court of Albany County for further proceedings not inconsistent with this Court's decision.