■ CHRISTINA M. CHERUVU, Respondent, v SASI K. CHERUVU, Appellant. [874 NYS2d 296]—

Stein, J. Appeals (1) from that part of an order of the Supreme Court (McNamara, J.), entered December 14, 2007 in Albany County, which denied defendant's motion to vacate a stipulation of settlement, and (2) from a judgment of said court, entered December 14, 2007 in Albany County, granting, among other things, defendant a divorce, upon a decision of the court.

Plaintiff (hereinafter the wife) and defendant (hereinafter the husband) were married in 1997 and are the parents of two children, born in 1999 and 2000. In January 2006, the wife commenced an action for divorce and a trial was scheduled to commence on March 28, 2007. On that date, the parties entered into an oral stipulation on the record in open court resolving all issues including, among other things, equitable distribution of marital property, custody, child support and maintenance. In addition, the parties signed and acknowledged a written affidavit of appearance and adoption of oral stipulation and opt-out agreement, and the husband executed an affidavit acknowledging his understanding of and voluntary agreement to the terms of the settlement placed on the record and his satisfaction with the representation provided by his attorneys. The husband subsequently moved to vacate, set aside or modify the stipulation. Supreme Court denied the husband's motion and the stipulation was incorporated, but not merged, into a judgment of divorce. The husband now appeals from the order denying his motion to vacate the stipulation of settlement and the judgment of divorce.

Initially, we reject the husband's contention that the stipulation of settlement fails to comply with the requirements of Domestic Relations Law § 236 (B) (3). This Court has previously held that the procedure employed here—recitation of an oral stipulation into the record, followed by execution of a written opt-out agreement that stated that the parties adopted the terms of the stipulation "as if the same were fully set forth" therein—satisfies the requirements of the Domestic Relations Law (see *Zindulka v Zindulka*, 284 AD2d 631, 631 [2001], *lv dismissed* 96 NY2d 938 [2001]; *Dwyer v De La Torre*, 252 AD2d 695, 695-696 [1998]; *Vermilyea v Vermilyea*, 224 AD2d 759, 760 [1996]; *cf. Lischynsky v Lischynsky*, 95 AD2d 111, 113 [1983]).

Turning next to the husband's argument that the stipulation as a whole is unenforceable, we note that "[a] stipulation of settlement which is made in open court by parties who are represented by counsel and who unequivocally agree to its terms will not be set aside absent a showing that the stipulation was tainted by mistake, fraud, duress, overreaching or unconscionability" (*Fox v Merriman*, 307 AD2d 685, 686 [2003]). In addition to the fact that both parties were represented by competent counsel, the record indicates that the husband was fully aware of the assets to be distributed, the parties' financial circumstances and the available proof with respect thereto, and that the terms of the agreement had been negotiated over a substantial period of time. The stipulation, the contemporaneously executed opt-out agreement and the husband's affidavit all express that he understood and was satisfied with the terms of the settlement. In response to Supreme Court's inquiry, the husband unequivocally stated that he had not been coerced into entering into the agreement and he had enough time to get the information necessary to make decisions relative to the agreement. Also, when given the opportunity to correct or clarify the stipulation, the husband's attorney did so before the husband signed the relevant documents. Under these circumstances, the husband's allegations are insufficient to warrant setting aside the agreement on the basis of mistake, fraud, duress or overreaching (*see Curtis v Curtis*, 20 AD3d 653, 655 [2005]).

Moreover, in order to set aside a settlement agreement between spouses on the ground of unconscionability, the court must find that it is one that "no [person] in his [or her] senses and not under delusion would make on the one hand, and [that] no honest and fair [person] would accept on the other" (*Christian v Christian*, 42 NY2d 63, 71 [1977] [internal quotation marks and citation omitted]; *see Curtis v Curtis*, 20 AD3d at 656); the inequity being so apparent as to "shock the conscience" (*Tremont v Tremont*, 35 AD3d 1046, 1048 [2006]; *see Christian v Christian*, 42 NY2d at 71-72; *Lounsbury v Lounsbury*, 300 AD2d 812, 814 [2002]). An agreement will not be set aside simply because it entitles a spouse to more than the law would have provided (*see Lounsbury v Lounsbury*, 300 AD2d at 814) or because it constitutes a bad bargain (*see Broer v Hellermann*, 2 AD3d 1247, 1248 [2003]).

While the agreement here appears to contain generous provisions for the wife and children, it is certainly not manifestly unfair. Even assuming, as the husband argues, that Supreme Court should have rejected the opinion of the wife's expert as to the value of the husband's medical practice in favor of the lower

value ascribed to that asset by the business administrator of the practice and that the court erred in making other calculations as asserted by the husband, it appears on this record that the husband received a reasonable share of the marital assets. Likewise, although the custody arrangement was slightly more favorable to the wife than it had been under the temporary order in place during the pendency of the action, the children are with the husband six out of every 14 days when school is in session and half the time when it is not, an arrangement that can hardly be considered unconscionable.

Finally, with regard to maintenance and child support, we note that the husband's annual earnings were more than $460,000 (after deductions for Social Security and Medicare), while the wife earned less than $20,000 annually. Under these circumstances, we do not view the husband's tax-deductible maintenance obligation of $4,000 per month for a period of four years to be excessive. Nor do we find the husband's obligations for the support and education of the parties' children to be shocking. In fact, even the husband acknowledges that his support obligations for the wife and two children amounted to only slightly more than half of his after-tax income.

However, we find that the child support provisions of the parties' stipulation are invalid and unenforceable inasmuch as they fail to state the reason or reasons that the amount to which the parties stipulated deviates from the presumptively correct amount of child support pursuant to the Child Support Standards Act (*see* Domestic Relations Law § 240 [1-b] [h]; *Matter of Usenza v Swift*, 52 AD3d 876, 878 [2008]; *Fessenden v Fessenden*, 307 AD2d 444, 445 [2003]; *Matter of Sievers v Estelle*, 211 AD2d 173, 175-176 [1995]). Although the stipulation sets forth the parties' respective incomes and recites that the basic child support obligation would be 25% of the first $80,000 of the combined parental income, it then calculates the presumptively correct amount based upon the total parental income and fails to deduct from the husband's income his maintenance payments to the wife (*see* Domestic Relations Law § 240 [1-b] [b] [5] [vii] [C]). While we have held that "where . . . each and every other statutory requirement is met, yet the basic child support obligation from which the deviation is sought is stated but miscalculated, that alone may not be enough to invalidate the agreement" (*Sullivan v Sullivan*, 46 AD3d 1195, 1197 [2007]), since the stipulation here fails to set forth the reason for the deviation, the child support issue must be considered de novo (*see Matter of Usenza v Swift*, 52 AD3d at 878-879; *Matter of Sievers v Estelle*, 211 AD2d at 176). Accordingly, the matter must be remitted to Supreme Court to address this issue.

We have considered the husband's remaining contentions and find them to be unavailing.

Mercure, J.P., Peters, Kane and Malone Jr., JJ., concur. Ordered that the order and judgment are modified, on the law, without costs, by reversing so much thereof as denied defendant's motion to vacate the stipulation of settlement as it relates to the child support award; motion granted to that extent, said child support award vacated and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.