Todd A. St. Louis, Appellant, v Sara A. St. Louis, Respondent. [927 NYS2d 682]—

Lahtinen, J.

The parties married in 1994 and are the parents of three children (born in 1995, 1997 and 2005). Plaintiff commenced this divorce action in June 2008 and defendant counterclaimed for divorce. Many of the disputed issues were resolved by oral stipulation shortly before trial. Defendant was awarded legal and physical custody of the children. The parties stipulated that for purposes of calculating child support under the Child Support Standards Act (*see* Domestic Relations Law § 240 [1-b] [herein-

after CSSA]), plaintiff's income was $133,300 and defendant's income was $33,500.[1] They further agreed that the CSSA statutory rate for three children of 29% would apply to their entire combined income. As a result, plaintiff's biweekly child support obligation was set at $1,391 (reduced to $1,377 to reflect an offset for defendant's pro rata share of health insurance). At the time the parties' agreed to these provisions in December 2009, maintenance had not yet been resolved and they did not address the impact of maintenance on child support, which is a statutory deduction from income under the CSSA (see Domestic Relations Law § 240 [1-b] [b] [5] [vii] [C]).

A trial ensued on the issue of maintenance. Defendant sought an award of $2,700 per month for 11 years. In January 2010, Supreme Court awarded defendant a biweekly payment of $1,200 for 16 years or until plaintiff retires from his current state job, whichever occurs first. Plaintiff made a motion to, among other things, recalculate his child support to reflect the change in his net CSSA income as a result of the significant maintenance award. Supreme Court denied the motion in January 2011. A judgment of divorce was entered in March 2011 granting defendant a divorce and including, among other things, the biweekly payments for child support of $1,377 and maintenance of $1,200. Plaintiff appeals challenging the child support and maintenance provisions of the judgment.

Initially, we address defendant's argument that plaintiff is not an aggrieved party as to the part of the judgment regarding child support since the parties stipulated to child support. A party who consents to the terms of an order is not an aggrieved party (see Matter of Miller v Miller, 63 AD3d 1323, 1324 [2009], lv dismissed 13 NY3d 781 [2009]; Matter of Geddes v Montpetit, 15 AD3d 797, 797 [2005], lv dismissed 4 NY3d 869 [2005]). Although plaintiff orally stipulated to child support, he thereafter made a motion, before an order or judgment had been entered, to modify his child support obligation upon the ground that it was not in accordance with the CSSA. Supreme Court denied plaintiff's motion in a January 2011 order and it then set forth the terms of the oral stipulation in the subsequent March 2011 judgment. The issue of compliance with the CSSA was adequately raised by plaintiff's motion and he is an aggrieved party as to Supreme Court's denial of his motion. Moreover, Supreme Court's January 2011 order addressing that issue was a nonfinal order that necessarily affected the ensuing divorce

---

1. After deducting Federal Insurance Contributions Act taxes, their net CSSA incomes were $124,746 and $30,937, reflecting a proportionate share of 80.1% for plaintiff and 19.9% for defendant.

judgment (*see* CPLR 5501 [a] [1]; *see generally Burke v Crosson*, 85 NY2d 10, 15-16 [1995]). Defendant's contention that his child support obligation deviated from the CSSA without including the mandatory opt-out recitals is properly before us, and we turn next to the merits of that issue.

"If [a] stipulation deviates from the presumptively correct amount that would have been awarded under the CSSA, it must . . . specify what that amount would have been and the reason or reasons for the deviation therefrom" (*McCarthy v McCarthy*, 77 AD3d 1119, 1120 [2010]; *see* Domestic Relations Law § 240 [1-b] [h]; *Matter of Usenza v Swift*, 52 AD3d 876, 877-878 [2008]; *Fessenden v Fessenden*, 307 AD2d 444, 445 [2003]). Although a simple miscalculation may not invalidate an otherwise enforceable stipulation (*see Sullivan v Sullivan*, 46 AD3d 1195, 1197 [2007]) and an agreement to apply the applicable statutory percentage to all income is not considered a deviation (*see Matter of Wolf v Wolf*, 293 AD2d 811, 813 [2002]), nonetheless, a stipulation that fails to deduct maintenance as provided in Domestic Relations Law § 240 (1-b) (b) (5) (vii) (C) and sets forth no explanation for this failure is invalid (*see Cheruvu v Cheruvu*, 59 AD3d 876, 879 [2009]). Here, the parties entered into the child support stipulation one day before a trial commenced regarding maintenance. Although the amount of maintenance was yet to be determined, it is clear that the parties understood that defendant would be receiving some maintenance. However, the stipulation makes no mention of maintenance and sets forth no reason for deviating from the statutory deduction for maintenance.

Defendant contends that this omission can be overlooked since Supreme Court ultimately issued a judgment regarding maintenance that did not provide for a specific adjustment in child support upon the termination of maintenance (*see* Domestic Relations Law § 240 [1-b] [b] [5] [vii] [C]). This contention is unpersuasive since Supreme Court's decision does not serve to retroactively correct a stipulation that was silent as to an important deviation. Moreover, where, as here, an appeal is taken from a divorce judgment that omits an adjustment for child support upon the termination of maintenance, such an omission is generally considered error (*see McLoughlin v McLoughlin*, 63 AD3d 1017, 1019 [2009]; *Mairs v Mairs*, 61 AD3d 1204, 1210 n 9 [2009]; *Burtchaell v Burtchaell*, 42 AD3d 783, 785 [2007]; *Navin v Navin*, 22 AD3d 474, 475 [2005]; *cf. Smith v Smith*, 1 AD3d 870, 872-873 [2003]; *but cf. Matter of Baker v Baker*, 291 AD2d 751, 752-753 [2002] [omission given effect in subsequent child support modification proceeding where no ap-

peal taken from judgment containing the omission]). Since the stipulation deviated from the CSSA and no reason is set forth in the record for doing so, the stipulation as to child support must be set aside and the case remitted for a redetermination of child support (*see Cheruvu v Cheruvu*, 59 AD3d at 879).

Next, we consider maintenance. Although the amount and duration of maintenance is typically left to the discretion of Supreme Court, we find the duration excessive in this case. Maintenance is determined "based upon the enumerated factors set forth in Domestic Relations Law § 236 (B) (6) (a), as well as the predivorce standard of living of the recipient spouse" (*Ndulo v Ndulo*, 66 AD3d 1263, 1264 [2009]; *see Hartog v Hartog*, 85 NY2d 36, 50-51 [1995]). A primary goal of maintenance is to provide a financial base while the recipient gains the ability to become self-sufficient (*see Lorenz v Lorenz*, 63 AD3d 1361, 1362-1363 [2009]; *Quinn v Quinn*, 61 AD3d 1067, 1071 [2009]; *Dowd v Dowd*, 58 AD3d 1057, 1058 [2009]; *Carman v Carman*, 22 AD3d 1004, 1009 [2005]).

Here, the record reflects that the parties' marital standard of living essentially exceeded their income and, accordingly, both parties will have to adjust to a more prudent standard. Plaintiff was 42 years old and defendant was 36 at the time of the divorce. Defendant worked full or part time throughout the marriage of 16 years. She is an experienced radiology technician, having worked both for a hospital and currently employed by a physician in private practice. Her part-time earnings were $33,500. She expressed a desire to work full time once her youngest child started school, which presumably has now occurred since the child turns six this year. Although she indicated that she has some health issues, there was no medical evidence indicating that these issues affected her ability to work or otherwise carry on her daily activities. Defendant requested maintenance equivalent to $32,400 annually and she was awarded close to that amount at $31,200. However, she was awarded maintenance for a duration considerably longer than she was seeking. Upon our review of the statutory factors and the evidence in the record, we find that the duration of maintenance was excessive under the circumstances and should be reduced from 16 years to 11 years as defendant originally requested.[2] Further, the judgment must be modified to provide that child support will be adjusted upon the termination of maintenance.

---

**2.** We are not modifying the alternative for ending maintenance provided by Supreme Court in the event plaintiff retires earlier from his job with the State Police.

Peters, J.P., Rose, Malone Jr. and McCarthy, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by reversing so much thereof as awarded child support and as ordered plaintiff to pay maintenance for 16 years; plaintiff is to pay maintenance for 11 years, upon the termination of maintenance, child support shall be adjusted, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision and, pending said proceedings, the child support provision of the judgment appealed from shall remain in effect as a temporary judgment; and, as so modified, affirmed.