Pritzker, J.
 

 Appeal from an order of the Supreme Court (Farley, J.), entered December 1, 2016 in St. Lawrence County, which, among other things, denied defendant’s motion to partially vacate a judgment of divorce.
 

 Plaintiff (hereinafter the father) and defendant (hereinafter the mother), after marrying, had two children together (born in 1999 and 2001). In 2009, the father commenced the underlying divorce action. In his summons with notice and complaint, the father clarified that he sought a judgment of divorce that, among other things, set his child support obligation to the mother at $100 a week, in deviation from the Child Support Standards Act (see Domestic Relations Law § 240 [1-b] [hereinafter CSSA]). The mother did not answer or appear, but she executed two affidavits related to the action — in her first affidavit, the mother averred that she had accepted due and lawful service of the father’s summons and complaint, and, in her second affidavit, she asserted that she did not contest the divorce, that her “intent [was] that th[e] divorce proceed as rapidly as practical” and that she “consent [ed] to the relief requested in the [s]ummons with [n]otice.” Finding that the mother had intentionally defaulted, Supreme Court (Rogers, J.) thereafter entered a judgment of divorce that provided, among other things, that the father would pay the mother $100 per week in child support. In its findings of fact and conclusions of law, the court specified that it reached its determination as to child support upon the conclusion that “the parties have chosen to deviate from the terms of the [CSSA formula” and that they “agree [d]” that the father would pay the aforementioned amount in child support.
 

 By order to show cause dated March 18, 2016, the mother sought to, among other things, increase the father’s child support obligation. She thereafter moved for a de novo determination as to child support. Supreme Court (Farley, J.) denied her request for an increase in the father’s child support obligation and for a de novo determination of child support. The mother now appeals.
 

 The mother asserts that, because any agreement between the parties failed to comply with Domestic Relations Law § 240 (1-b) (h), Supreme Court erred in denying her motion to set aside the child support provisions and make a de novo determination as to child support. We agree. As relevant here, Domestic Relations Law § 240 (1-b) (h) requires that, in the event that the parties, by agreement or stipulation, deviate from the basic child support obligation, their agreement “shall include a provision stating that the parties have been advised of the provisions of this subdivision, and that the basic child support obligation provided for therein would presumptively result in the correct amount of child support to be awarded.” The statute also requires that such an agreement or stipulation “specify the amount that such basic child support obligation would have been and the reason or reasons that such agreement or stipulation does not provide for payment of that amount” (Domestic Relations Law § 240 [1-b] [h]). When examining identical requirements for a child support agreement under the Family Ct Act (see Family Ct Act § 413 [1] [h]), this Court has recognized that the “omission of these statutory catechisms renders the stipulation and resulting order unenforceable,” requiring the court “to disregard it and address the support issue de novo” (Matter of Usenza v Swift, 52 AD3d 876, 878 [2008]; see Matter of Smith v Mathis-Smith, 17 AD3d 1157, 1158 [2005]).
 

 It is unclear from the record, but even if Supreme Court (Rogers, J.) did incorporate such an agreement by the parties into the judgment of divorce and said agreement was memorialized in the father’s summons with notice and/or his complaint, such agreement would nonetheless fail to satisfy the requirements of Domestic Relations Law § 240 (1-b) (h). While the father’s summons with notice and complaint provide that his basic child support obligation would be $192 per week, the pleadings fail to satisfy the requirements of Domestic Relations Law § 240 (1-b) (h) as they neither include “a provision stating that the parties have been advised of the provisions of [the CSSA],” state that the application of the CSSA would “presumptively result in the correct amount of child support to be awarded” nor “specify . . . the reason or reasons that such agreement. . . does not provide for payment of [the basic child support obligation]” (Domestic Relations Law § 240 [1-b] [h]). Thus, any agreement is invalid and unenforceable and, as a result, the mother is not required to establish a basis to modify the prior order, and the case must be remitted for a de novo determination as to child support retroactive to the date of the order to show cause (see Malone v Malone, 122 AD3d 1190, 1193-1194 [2014]; David v Cruz, 103 AD3d 494, 494 [2013]; Cheruvu v Cheruvu, 59 AD3d 876, 879 [2009]; Matter of Usenza v Swift, 52 AD3d at 878-879; Matter of Smith v Mathis-Smith, 17 AD3d at 1158; Matter of Mitchell v Mitchell, 264 AD2d 535, 537-538 [1999], lv denied 94 NY2d 754 [1999]). In light of our determination, the mother’s remaining contentions have been rendered academic.
 

 McCarthy, J.P., Lynch, Clark and Aarons, JJ., concur.
 

 Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant’s motion seeking a de novo determination of child support; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court’s decision; and, as so modified, affirmed.