Matter of Michael J.F. v Jennifer M.B. (2021 NY Slip Op 01718)





Matter of Michael J.F. v Jennifer M.B.


2021 NY Slip Op 01718


Decided on March 23, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 23, 2021

Before: Webber, J.P., Oing, Kennedy, Scarpulla, JJ. 


Docket No. F-18558-13/18C F-18558-13/18D File No. 211089 Appeal No. 13393 Case No. 2020-03049 

[*1]In the Matter of Michael J.F., Petitioner-Appellant,
v
Jennifer M.B., Respondent-Respondent. 


Brian D. Perskin & Associates PC, Brooklyn (Brian D. Perskin of counsel), for appellant.
D. Philip Schiff, Sea Cliff, for respondent.



Order, Family Court, New York County (J. Machelle Sweeting, J.), entered on or about March 2, 2020, which, among other things, denied petitioner father's objection to the order, same court (Kevin Mahoney, Support Magistrate), entered on or about April 16, 2019, denying the father's motion for an order declaring the June 4, 2014 child support order on consent invalid and unenforceable because it failed to meet the requirements of Family Court Act § 413(1)(h), unanimously reversed, on the law, without costs, the June 4, 2014 child support order entered on consent declared invalid and unenforceable, the willfulness finding and money judgments issued against the father vacated, and the matter remanded to Family Court for a new hearing on respondent mother's support petition filed in 2013.
The father's arguments with respect to the consent order's failure to comply with Family Ct Act § 413(1)(h) requirements were not barred by the doctrines of res judicata and collateral estoppel as a result of the dismissal of the plenary action by Supreme Court because the dismissal was not on the merits (see Pereira v St. Joseph's Cemetery, 78 AD3d 1141, 1142 [2d Dept 2010]), and the court did not address his specific contention with respect to the order's compliance with Family Ct Act § 413(1) (see Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 349 [1999]).
Furthermore, the father was not barred from arguing that the 2014 order was invalid for failure to comply with Family Ct Act § 413(1) even though he previously argued in his objections that the order was unenforceable on the grounds of fraud, duress, or unconscionability (see Matter of Usenza v Swift, 52 AD3d 876, 877-878 [3d Dept 2008]; Matter of Smith v Mathis-Smith, 17 AD3d 1157, 1158 [4th Dept 2005]; Matter of Sievers v Estelle, 211 AD2d 173, 175 [3d Dept 1995]).
The June 4, 2014 colloquy on the record and the subsequent order failed to include the necessary recitations and was not in compliance with Family Ct Act § 413(1)(h) (see Domestic Relations Law § 240[1-b][h]; David v Cruz, 103 AD3d 494 [1st Dept 2013]; Blaikie v Mortner, 274 AD2d 95, 99-101 [1st Dept 2000]). A review of the hearing minutes demonstrates that the agreement was the result of negotiations, that both parties agreed with all aspects of the order, and that the father's consent was knowing and voluntary. Nevertheless, neither the record of the hearing nor the order sets forth the presumptive child support amount or states the parents' respective incomes. Furthermore, there was no explanation as to whether or why there was a deviation from the child support calculation provided by the statute. While the order recites that the parties were aware of the Child Support Standards Act guidelines and that the agreed to amount was the presumptively correct amount under the statute, as the father notes, the order included three different basic child support awards and three separate pro rata allocations, which indicates that there were deviations [*2]from the presumptively correct amount under the CSSA guidelines. Additionally, the order was issued three years after the parties' allocution.
Accordingly, the matter is remanded to Family Court for an expeditious new hearing on the mother's support petition filed in 2013, and Family Court's willfulness finding and money judgments against the father are vacated (see Usenza, 52 AD3d at 879).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 23, 2021