■ KATHY L. FOX, Respondent, v JOHN D. MERRIMAN, Appellant. [763 NYS2d 377] —Spain, J. Appeal from an order of the Supreme Court (Coccoma, J.), entered June 12, 2002 in Delaware County, which denied defendant's motion to modify the judgment of divorce.

The 1986 marriage of the parties was terminated in a 2000 judgment of divorce which incorporated an oral stipulation of the parties made in open court on the day the trial was to commence. The stipulation provided, among other things, that (1) plaintiff would convey her interest in the marital residence to defendant but retain possession of said residence until the 2011 high school graduation date of the youngest of the parties' three children, (2) the household furniture was the property of defendant, (3) defendant would continue to pay the real estate taxes and any mortgage payments on the marital residence, (4) plaintiff would pay all other expenses associated with said residence, including routine maintenance, and (5) defendant would continue to pay child support at the rate previously set by court order. After Supreme Court received affirmative responses on the record from both plaintiff and defendant as to whether they understood the terms of the agreement, had voluntarily entered into the agreement, and were satisfied with the advice given by their respective counsel, the court approved the stipulation.

In May 2002, defendant moved to modify the judgment of divorce claiming that he was under pressure at the time, had received poor legal advice and the agreement was "unreasonable and fundamentally unfair." He also asserted that he is now financially unable to meet his obligations under the agreement. Supreme Court denied the motion without a hearing and defendant appeals.

A stipulation of settlement which is made in open court by parties who are represented by counsel and who unequivocally agree to its terms will not be set aside absent a showing that the stipulation was tainted by mistake, fraud, duress, overreaching or unconscionability (see *Turk v Turk*, 276 AD2d 953, 954 [2000]; *Cantamessa v Cantamessa*, 170 AD2d 792, 793 [1991]; *Barzin v Barzin*, 158 AD2d 769, 770 [1990], *lv dismissed* 77 NY2d 834 [1991]). Defendant's conclusory assertions that he was under pressure and acting under questionable legal advice are inconsistent with his unequivocal statements in open court. Moreover, he has not established that the terms of the agreement were manifestly unfair. To the contrary, the stipulation appears to be a balanced and reasoned effort to equitably distribute the incidents of the parties' marriage, as demonstrated by plaintiff's agreement to deed her interest in the marital residence, pay many expenses of upkeep and eventually relinquish possession of this major asset to defendant. However improvident defendant may now view his decision to agree to the stipulation, such second thoughts fall

far short of establishing that the agreement was unconscionable (*see Christian v Christian*, 42 NY2d 63, 71-72 [1977]; *Croote-Fluno v Fluno*, 289 AD2d 669, 670 [2001]; *compare Lounsbury v Lounsbury*, 300 AD2d 812, 814-815 [2002]).

To the extent that defendant refers to his present financial burdens, his financial statements and tax returns report a decrease in his annual income and that he took out a $60,000 mortgage on the marital residence the year following the settlement. Defendant provides no explanation, however, for the amount of the mortgage, his decreased income, and other inconsistencies between his 2000 and 2002 financial statements. His vague and conclusory assertions are insufficient to demonstrate that his ability to meet his obligations under the agreement has decreased to such a degree that it must be set aside (*see* Domestic Relations Law § 236 [B] [3], [9] [b]). Finally, as defendant failed to articulate how a hearing would have enabled him to prove otherwise, we discern no error in Supreme Court's decision to deny a hearing (*see Cantamessa v Cantamessa, supra* at 794; *Wichers v Wichers*, 170 AD2d 797, 798 [1991]).

Cardona, P.J., Carpinello, Mugglin and Kane, JJ., concur. Ordered that the order is affirmed, without costs.