■ ROBERT J. BINETTE, Respondent, v CHERYL L. BINETTE-ACKER, Appellant. [795 NYS2d 623]—

In a matrimonial action in which the parties were divorced by judgment dated April 29, 1997, the defendant mother appeals, as limited by her brief, from so much of an order of the Supreme Court, Dutchess County (Pagones, J.), dated June 22, 2004, as denied that branch of her motion which was for an award of child support arrears.

Ordered that the order is reversed insofar as appealed from, on the law, that branch of the motion which was for an award of child support arrears is granted, and the matter is remitted to the Supreme Court, Dutchess County, for further proceedings to determine the amount of child support arrears and for the entry of an appropriate money judgment thereafter.

Contrary to the plaintiff father's contention and the determination of the Supreme Court, the language of the parties' stipulation of settlement, which was incorporated but not merged in their judgment of divorce, clearly demonstrates their agreement that once their child commenced full-time schooling and the father's visitation was correspondingly reduced, the father would recalculate his child support obligation by applying the relevant Child Support Standards Act (Domestic Relations Law § 240 [1-b]) percentage to his income and would remit that amount to the mother. Accordingly, since the father did not comply with this provision, the mother established her entitlement to a judgment for an award of child support arrears retroactive to the date these triggering events occurred, and her mere delay in seeking the award did not constitute an implicit waiver of her rights (*see Matter of Dox v Tynon,* 90 NY2d 166 [1997]; *Matter of Cook v Miller,* 4 AD3d 745 [2004]; *McCoy v McCoy,* 254 AD2d 732 [1998]).

Since the record does not indicate with specificity when the triggering events took place, we remit the matter to the Supreme Court, Dutchess County, for further proceedings to determine the amount of the arrears due to the mother. Florio, J.P., Santucci, Mastro and Spolzino, JJ., concur.