■ DONNA M. AYLSWORTH (Formerly Known as KOWALCZYK), Appellant, v GREGORY KOWALCZYK, Respondent. [882 NYS2d 790]—

Appeal from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), entered September 16, 2008 in a post-judgment divorce action. The order, among other things, determined defendant's current weekly child support obligation.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying the objections in part and vacating the first and second ordering paragraphs and as modified the order is affirmed without costs, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: In this postjudgment divorce action, plaintiff moved, inter alia, for a recalculation of defendant's child support obligation and a determination of the arrears owed by defendant to plaintiff pursuant to a 2002 stipulated order. That order sets forth defendant's then-current child support obligation and provides that defendant's child support obligation "shall be recalculated annually in accordance with the . . . guidelines of [the Child Support Standards Act (CSSA)] on the first day of the year." Following a hearing in this action, the Support Magistrate recalculated the current child support obligation of defendant and determined that defendant owed arrears in the amount of $37,448 for the years 2003 through 2007. Defendant filed objections to the order of the Support Magistrate, whereupon Supreme Court determined that the current weekly support obligation of defendant is $214.46 and that he owes no arrears to plaintiff.

Contrary to the court's conclusion, plaintiff is entitled to recalculation of defendant's child support obligation pursuant to the stipulated order beginning in 2003, not from the date of her motion. Plaintiff is not requesting an upward modification of defendant's support obligation but, instead, seeks enforcement of the child support provision in the stipulated order that requires annual recalculation of defendant's support obligation on the first day of each year in accordance with the CSSA guidelines (*see generally Ramon v Ramon*, 49 AD3d 843 [2008]; *Mirkin v Mirkin*, 43 AD3d 1115, 1116 [2007]; *Matter of Bugdin v Bugdin*, 17 AD3d 585 [2005]; *Matter of Wolf v Wolf*, 293 AD2d 811, 813 [2002]). Contrary to defendant's contention, the delay by plaintiff in seeking retroactive recalculations of defendant's obligation and an award of child support arrears did not constitute an implicit waiver of her rights under the stipulated order (*see Binette v Binette-Acker*, 18 AD3d 589 [2005]).

In calculating defendant's past and current child support obligation, the Support Magistrate applied the CSSA percentage

to the combined parental income in excess of $80,000 and the court, in calculating defendant's current child support obligation, capped the amount of combined parental income at $80,000 and based its award on that sum. In our view, neither the Support Magistrate nor the court set forth the statutory factors considered or otherwise provided a sufficient "record articulation" for their respective determinations concerning the combined parental income in excess of $80,000 (*Matter of Cassano v Cassano*, 85 NY2d 649, 655 [1995]; *see* Domestic Relations Law § 240 [1-b] [c] [3]; *Matter of Miller v Miller*, 55 AD3d 1267, 1268 [2008]). We therefore modify the order accordingly, and we remit the matter to Supreme Court to recalculate defendant's past and current child support obligation in compliance with the CSSA following a further hearing, if necessary (*see Matter of Malecki v Fernandez*, 24 AD3d 1214, 1215 [2005]). Present—Smith, J.P., Centra, Peradotto, Green and Gorski, JJ.