In the Matter of BROOME COUNTY SUPPORT COLLECTION UNIT, on Behalf of AMANDA J. BICKHAM, Respondent, v JASON J. MORAIS, Appellant. [891 NYS2d 547]—

Stein, J.

A 2001 order, which incorporated a child support stipulation between respondent and Amanda J. Bickham, required respondent to pay child support for their son (born in 2000) in the amount of $50 per month. Petitioner, on behalf of Bickham, commenced this proceeding for violation of that order.* After a hearing, the Support Magistrate found respondent to be in willful violation of the support order and referred the matter to Family Court for confirmation and consideration of punishment (*see* Family Ct Act § 439 [a]). Respondent filed timely written objections seeking to vacate the order and dismiss the petition citing several grounds, one of which was that the 2001 order was void due to its failure to comply with the Child Support Standards Act (*see* Family Ct Act § 413 [hereinafter CSSA]). Family Court confirmed the Support Magistrate's order and denied respondent's objections, but did not impose a punishment. Respondent now appeals and we affirm.

The principal argument advanced by respondent on appeal is that the 2001 support order was void because it lacked the recitals required by the CSSA. Specifically, the CSSA requires that all child support stipulations "include a provision stating that the parties have been advised of the provisions of [the CSSA] and that the basic child support obligation provided for therein would presumptively result in the correct amount of child support to be awarded" (Family Ct Act § 413 [1] [h]). Where, unlike

* We note that this was the second such proceeding and that respondent was previously found to be in willful violation of the support order, but was not referred to a judge for confirmation or punishment.

here, a stipulation deviates from the presumptively correct amount, it must also specify what that amount would be and the reason for the deviation therefrom (*see* Family Ct Act § 413 [1] [h]). The purpose of such recitals is to ensure that the parties have a basic understanding of the CSSA and that agreements deviating from the presumptively correct amount under the CSSA are entered into knowingly (*see Broer v Hellermann*, 2 AD3d 1247, 1249 [2003]; *Matter of Mitchell v Mitchell*, 264 AD2d 535, 538 [1999], *lv denied* 94 NY2d 754 [1999]; *see also Matter of Bill v Bill*, 214 AD2d 84, 89-90 [1995]).

In this case, the 2001 order incorporated by reference a "written [child support] understanding reflecting the terms of the stipulation placed on the [c]ourt record." The child support understanding recites that "the parties have been advised that the presumed correct amount of child support under the [CSSA] is [$]50 per month" and that such amount "is in accordance with [r]espondent's ability to earn [$]223 per week." Thus, with the exception of an acknowledgment of the parties' general awareness of the CSSA, the child support understanding substantially complied with the requirements of that statute. Furthermore, inasmuch as the child support amount did not deviate from the presumptively correct amount under the CSSA, nothing further was required to ensure that the purposes of the "statutory catechisms" were met (*compare Matter of Usenza v Swift*, 52 AD3d 876, 878 [2008]; *Matter of Bill v Bill*, 214 AD2d at 91). Under these circumstances, remittal would only serve "to waste already scarce judicial resources" (*Daisernia v Daisernia*, 188 AD2d 944, 946 [1992]).

Respondent's remaining contentions have been examined and are either academic or unavailing.

Cardona, P.J., Rose, Malone Jr. and Garry, JJ., concur. Ordered that the order is affirmed, without costs.