■ In the Matter of CATHERINE CHOMIK, Appellant, v JAROSLAW SYPNIAK, Respondent. [894 NYS2d 268]—

Appeal from an order of the Family Court, Monroe County (Joseph G. Nesser, J.), entered March 11, 2009 in a proceeding pursuant to Family Court Act article 4. The order denied the objections of petitioner to the order of the Support Magistrate.

It is hereby ordered that the case is held, the decision is reserved, and the matter is remitted to Family Court, Monroe County, for further proceedings in accordance with the following memorandum: Petitioner mother appeals from an order of Family Court denying her objections to the Support Magistrate's order, which in turn denied her motion to vacate the parties' prior consent order.

By order entered July 24, 2006, Family Court, upon the parties' consent, entered a judgment in favor of respondent father in the amount of $14,000 in child support arrears. In May 2008, the mother commenced this proceeding seeking to vacate that order on the ground that, during the time period in which the arrears accrued, she was receiving public assistance and, thus, pursuant to Family Court Act § 413 (1) (g), arrears could not accrue in excess of $500.

Although an order entered upon consent generally "is not

subject to the review of either Family Court or this Court" (*Matter of Steuben County Support Collection Unit v Bartholomew*, 2 AD3d 1434, 1435 [2003], *lv denied* 2 NY3d 702, 703 [2004]; *see Matter of Culton v Culton*, 2 AD3d 1446 [2003]), it is well settled that "a court maintains inherent power to vacate a judgment [or order] in the interest of justice[, and that t]he enumerated grounds in CPLR 5015 are neither preemptive nor exhaustive and were not intended to limit that power" (*Ruben v American & Foreign Ins. Co.*, 185 AD2d 63, 67 [1992]). Thus, an order entered on consent may indeed be subject to vacatur under CPLR 5015 (*see Matter of Croft v Gordon*, 297 AD2d 344 [2002]; *390 W. End Assoc. v Baron*, 274 AD2d 330, 332 [2000]).

Here, we conclude that Family Court erred in failing to determine whether the mother's income was "less than or equal to the poverty income guidelines amount for a single person as reported by the federal department of health and human services" when the $14,000 in child support arrears accrued (Family Ct Act § 413 [1] [g]). We therefore hold the case, reserve decision, and remit the matter to Family Court to make that determination (*see Matter of Commissioner of Social Servs. of Rensselaer County [Faresta] v Faresta*, 11 AD3d 750 [2004]). In the event that the mother's income was less than that amount, "unpaid child support arrears in excess of five hundred dollars shall not accrue" (§ 413 [1] [g]; *see Matter of Blake v Syck*, 230 AD2d 596, 599 [1997], *lv denied* 90 NY2d 811 [1997]). Present—Smith, J.P., Peradotto, Carni, Pine and Gorski, JJ.