■ KIMBERLY C. McCARTHY, Respondent, v CHRISTOPHER A. McCARTHY, Appellant. In the Matter of KIMBERLY C. McCARTHY, Respondent, v CHRISTOPHER A. McCARTHY, Appellant. [909 NYS2d 787]—

Peters, J.P. Appeals (1) from an order of the Supreme Court (Powers, J.), entered March 31, 2009 in Schenectady County, which, among other things, denied defendant's motion to vacate a stipulation of settlement, and (2) from an order of the Family Court of Schenectady County (Powers, J.), entered September 1, 2009, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to direct respondent to pay child support.

The parties were married in 1996, had two children together (born in 1996 and 1998) and were divorced in 2006. An oral stipulation that was incorporated into the judgment of divorce provided, among other things, that the father would pay weekly child support in the amount of $125, except during the children's summer vacation, and that the parties would equally share expenses for clothing (up to $1,000 per child each year), extracurricular activities, summer day care, health insurance and uncovered medical expenses. After the father failed to make the payments required by the child support provisions of that agreement, the mother commenced a proceeding to collect arrearages. The father answered and interposed a cross claim alleging that the stipulation was void because it failed to comply with the Child Support Standards Act (see Domestic Relations Law § 240 [1-b] [hereinafter CSSA]). The father then moved, by order to show cause, to vacate the child support provisions of the stipulation. Upon transfer of the motion to Supreme Court (Powers, J.), the father's motion was denied. Following a trial on the mother's application, a Support Magistrate found that the father owed $4,551.04 in arrears, but that his violation was not willful. Family Court (Powers, J.) denied the father's objections and confirmed the Support Magistrate's determination. The father now appeals from both orders.

The principal argument advanced by the father is that the stipulation is invalid and unenforceable because it fails to comply with the CSSA. That statute requires that all child support stipulations contain a provision that the parties have been advised of the provisions of the CSSA and that application of the CSSA would "presumptively result in the correct amount of

child support to be awarded" (Domestic Relations Law § 240 [1-b] [h]). If the stipulation deviates from the presumptively correct amount that would have been awarded under the CSSA, it must also specify what that amount would have been and the reason or reasons for the deviation therefrom (*see* Domestic Relations Law § 240 [1-b] [h]).

Here, the parties' oral stipulation, as well as an executed written affidavit of appearance and adoption of oral stipulation and opt-out agreement, set forth that the parties received, reviewed and fully understood the child support provisions of the CSSA and had been advised that the application of the statute would result in the presumptively correct amount of child support to be awarded. The stipulation then recites the presumptive amount of child support under the CSSA and the agreed-upon figures used to calculate that amount, states that the parties are deviating from the presumptive amount and explains the reasons for the deviation therefrom. The father has failed to show that the presumptive amount of child support set forth in the stipulation—which he explicitly agreed to—was miscalculated. In any event, inasmuch as each and every other statutory requirement has been met, any purported miscalculation of the father's basic child support obligation would not, under these circumstances, serve to invalidate the stipulation (*see Sullivan v Sullivan*, 46 AD3d 1195, 1196-1197 [2007]; *Tremont v Tremont*, 35 AD3d 1046, 1047-1048 [2006]; *Echeverri v Echeverri*, 278 AD2d 130, 131 [2000]; *compare Cheruvu v Cheruvu*, 59 AD3d 876, 879 [2009]; *Matter of Usenza v Swift*, 52 AD3d 876, 878 [2008]). Accordingly, we conclude that the opt-out provisions of the stipulation are valid and enforceable.

The father also contends that he did not knowingly and voluntarily agree to pay 50% of the children's clothing, extracurricular activities, summer day care, health insurance and uncovered medical expenses. "A stipulation of settlement which is made in open court by parties who are represented by counsel and who unequivocally agree to its terms will not be set aside absent a showing that the stipulation was tainted by mistake, fraud, duress, overreaching or unconscionability" (*Fox v Merriman*, 307 AD2d 685, 686 [2003] [citations omitted]; *accord Matter of Crouse v Crouse*, 53 AD3d 750, 753 [2008]). The stipulation here was made by the parties in open court after consultation with their attorneys, and the father unequivocally indicated his agreement with its terms. The father's assertion that his attorney led him to believe that he was statutorily required to make these additional payments is unsupported by and inconsistent with the record (*see Kalra v Kalra*, 57 AD3d 947, 947 [2008]; *Fox v Merriman*, 307 AD2d at 686).

The father's remaining contentions, to the extent not addressed herein, have been fully examined and found to be without merit.

Rose, Lahtinen, McCarthy and Garry, JJ., concur. Ordered that the orders are affirmed, without costs.