# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**25**

**CAF 09-00701**

PRESENT: SMITH, J.P., PERADOTTO, CARNI, AND GORSKI, JJ.

---

IN THE MATTER OF CATHERINE CHOMIK,
PETITIONER-APPELLANT,

V                                                  MEMORANDUM AND ORDER

JAROSLAW SYPNIAK, RESPONDENT-RESPONDENT.

---

SCHELL & SCHELL, P.C., FAIRPORT (GEORGE A. SCHELL OF COUNSEL), FOR
PETITIONER-APPELLANT.

CHAMBERLAIN D'AMANDA OPPENHEIMER & GREENFIELD LLP, ROCHESTER (ERIC J.
METZLER OF COUNSEL), FOR RESPONDENT-RESPONDENT.

---

Appeal from an order of the Family Court, Monroe County (Joseph
G. Nesser, J.), entered March 11, 2009.  The appeal was held by this
Court by order entered February 11, 2010, decision was reserved and
the matter was remitted to Family Court, Monroe County, for further
proceedings (70 AD3d 1336).  The proceedings were held and completed
(Deborah K. Owlett, S.M.).

It is hereby ORDERED that the order so appealed from is
unanimously modified in the interest of justice and on the law by
providing that petitioner owes child support arrears in the amount of
$500 and as modified the order is affirmed without costs.

Memorandum:  We previously held this case, reserved decision and
remitted the matter to Family Court to determine whether petitioner
mother's "income was 'less than or equal to the poverty income
guidelines amount for a single person as reported by the federal
department of health and human services' when the $14,000 in child
support arrears [that Family Court ordered her to pay pursuant to a
consent order had] accrued" (*Matter of Chomik v Sypniak*, 70 AD3d 1336,
1337).  The mother had commenced this proceeding seeking to vacate the
consent order on the ground that, during the time period in which the
arrears had accrued, she was on public assistance and thus, pursuant
to Family Court Act § 413 (1) (g), arrears could not accrue in excess
of $500.  We noted that, although consent orders generally are not
appealable, "it is well settled that 'a court maintains inherent power
to vacate a judgment [or order] in the interest of justice[, and that
t]he enumerated grounds in CPLR 5015 are neither preemptive nor
exhaustive and were not intended to limit that power' " (*Chomik*, 70
AD3d at 1337).  Under the limited circumstances of this case, we
determined that the consent order on appeal was subject to vacatur.

Upon remittal, the court determined that the mother was on public assistance for substantial periods of time during the period in which the arrears had accrued, and that her income remained far less than poverty income guidelines for a single person during the entirety of that period. We therefore modify the order entering judgment in favor of respondent father in the amount of $14,000 by instead ordering the mother to pay child support arrears in the amount of $500 (*see* Family Ct Act 413 [1] [g]; *Chomik*, 70 AD3d at 1337; *Matter of Blake v Syck*, 230 AD2d 596, 599, *lv denied* 90 NY2d 811).

Entered:  February 10, 2011                          Patricia L. Morgan
                                                     Clerk of the Court