■ In the Matter of Stella McKenna, Respondent, v Daniel McKenna, Appellant. [933 NYS2d 453]—

Kavanagh, J.

Upon the oral stipulation of petitioner (hereinafter the mother) and respondent (hereinafter the father), an order was entered that set the father's basic monthly child support obligation for the parties' two children at $1,235. In March 2010, the father filed an application to vacate this order, claiming that it did not comply with Family Ct Act § 413 (1) (h). After Family Court affirmed the Support Magistrate's denial of the father's motion, he filed this appeal.

We reverse. Initially, we disagree with the mother's claim that the appeal is not properly before us. While it is true that the support order was entered upon a stipulation of the parties, the father moved to vacate the order on the ground that it was invalid because it failed to comply with Family Ct Act § 413 (1) (h), and he now appeals from the denial of that motion (*see McCarthy v McCarthy*, 77 AD3d 1119, 1119-1120 [2010]; *Cheruvu v*

*Cheruvu*, 59 AD3d 876, 877 [2009]; *Matter of Usenza v Swift*, 52 AD3d 876 [2008]; *see also St. Louis v St. Louis*, 86 AD3d 706, 707 [2011]; *Matter of Chomik v Sypniak*, 70 AD3d 1336, 1336-1337 [2010]). Moreover, we find that the order is invalid and unenforceable because it failed to include, as required, " 'a provision stating that the parties have been advised of the provisions of [the Child Support Standards Act] and that the basic child support obligation provided for therein would presumptively result in the correct amount of child support to be awarded' " (*Matter of Broome County Support Collection Unit v Morais*, 68 AD3d 1466, 1466 [2009], quoting Family Ct Act § 413 [1] [h]). Here, while the parties acknowledged that they had agreed to the amount that the father would pay in basic child support—before any additional amount was added for child care and health insurance—no reference was made to the presumptive amount of child support under the Child Support Standards Act in their agreement or at the hearing, or in the order ultimately issued by Family Court. Because neither the agreement nor the order advised the parties in accordance with the nonwaivable requirements of the Child Support Standards Act (*see* Family Ct Act § 413 [1] [h]), and the record contains no explanation as to whether or why there has been a deviation from the child support calculation provided by that statute, the support order at issue is invalid and unenforceable (*see Matter of Usenza v Swift*, 52 AD3d at 877-878; *see also Cheruvu v Cheruvu*, 59 AD3d at 879; *Fessenden v Fessenden*, 307 AD2d 444, 445 [2003]). The matter, therefore, must be remitted to Family Court to determine the amount of child support that the father is obligated to pay.

Mercure, J.P., Peters, Malone Jr. and Stein, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Schoharie County for further proceedings not inconsistent with this Court's decision.