Egan Jr., J.
 

 Appeal from an order of the Family Court of Fulton County (Skoda, J.), entered September 2, 2016, which, among other things, dismissed petitioner’s application, in two proceedings pursuant to Family Ct Act article 4, to modify a support agreement incorporated into a judgment of divorce.
 

 Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the divorced parents of two children (born in 1998 and 2003). In 2008, prior to the parties’ divorce, the father was awarded primary legal and physical custody of the children, with scheduled visitation to the mother. In April 2009, the parties entered into a stipulation and settlement agreement wherein they agreed to, among other things, abide by the terms of their prior custody order and, with regard to child support, deviate from application of the Child Support Standards Act (see Family Ct Act § 413 [hereinafter CSSA]). Specifically, the child support provisions of the agreement exempted the mother, as the noncustodial parent, from paying child support to the father, but obligated her to pay, among other things, one half of the children’s health insurance premiums and uncovered medical expenses. Supreme Court (J. Sise, J.) initially rejected the parties’ proposed judgment of divorce, but, upon further inquiry of the parties, ultimately accepted the agreement and the incorporated stipulation agreeing to deviate from the CSSA. Thereafter, as part of the divorce action, the parties entered into an oral stipulation before Supreme Court modifying the terms of their 2008 custody order.
 
 [1]
 
 The parties ultimately finalized their divorce in January 2012, and the 2008 custody order, 2009 stipulation and settlement agreement and subsequent stipulations were incorporated, but not merged, with the judgment of divorce.
 

 In 2014, the mother filed a support modification petition, seeking to have the father pay child support in accordance with CSSA guidelines, alleging, among other things, that an unanticipated change in circumstances had occurred — namely, that the mother had become the de facto custodian of the children by operation of the parties’ modified custody arrangement. Thereafter, the father charged the mother with a willful violation of the parties’ support agreement. Following a hearing on both petitions, the Support Magistrate dismissed the mother’s modification petition for lack of proof and found that the mother had willfully violated the child support provisions of the 2009 agreement. The mother’s subsequent written objections to the Support Magistrate’s order (see Family Ct Act § 439 [e]), in which she argued, among other things, that the child support provisions of the 2009 support agreement were invalid from their inception, were dismissed by Family Court. The mother now appeals, and we reverse.
 

 The mother contends that the child support provisions of the 2009 agreement must be vacated because the agreement to deviate from the CSSA failed to comply with the requirements of Family Ct Act § 413 (1) (h). We agree. As relevant here, all child support stipulations seeking to deviate from the CSSA must “include a provision stating that the parties have been advised of the provisions of [the CSSA] and that the basic child support obligation provided for therein would presumptively result in the correct amount of child support to be awarded” (Family Ct Act § 413 [1] [h]; see Matter of McKenna v McKenna, 90 AD3d 1110, 1111 [2011]; Matter of Usenza v Swift, 52 AD3d 876, 877 [2008]; Matter of Sievers v Estelle, 211 AD2d 173, 175-176 [1995]). “The purpose of such recitals is to ensure that the parties have a basic understanding of the CSSA and that agreements deviating from the presumptively correct amount under the CSSA are entered into knowingly” (Matter of Broome County Support Collection Unit v Morais, 68 AD3d 1466, 1467 [2009] [citations omitted]). Notably, such provision may not be waived by either party or counsel (see Family Ct Act § 413 [1] [h]), and the failure to include such recitals in a stipulation agreeing to deviate from the CSSA guidelines will render it “invalid and unenforceable” (Matter of McKenna v McKenna, 90 AD3d at 1111).
 

 The mother was unrepresented by counsel in 2009 when the parties entered into their stipulation and settlement agreement and opted to deviate from the CSSA. The agreement states that the parties reviewed the provisions of the CSSA, understood them and were aware that, absent their agreement to deviate therefrom, the CSSA would govern the determination of the noncustodial parent’s basic child support obligation. The agreement then indicates that the amount of child support to be paid by the mother, as the noncustodial parent, pursuant to the CSSA would be $79 per week. The mother’s basic child support obligation, however, was miscalculated. Although, standing alone, such a miscalculation would be insufficient to invalidate the agreement (see McCarthy v McCarthy, 77 AD3d 1119, 1120 [2010]; Matter of Usenza v Swift, 52 AD3d at 878; Sullivan v Sullivan, 46 AD3d 1195, 1197 [2007]), here, the parties’ stipulation also fails to demonstrate that the parties were apprised that the application of the CSSA “would presumptively result in the correct amount of child support to be awarded” (Family Ct Act § 413 [1] [h]; see Matter of McKenna v McKenna, 90 AD3d at 1111; Matter of Sievers v Estelle, 211 AD2d at 176). Nor did the parties’ subsequent 2010 colloquy before Supreme Court serve to cure the indicated deficiencies, as there were no statements made at that time indicating that the mother’s child support obligation pursuant to the CSSA was the presumed correct amount. Accordingly, we conclude that the parties’ agreement to deviate from the provisions of the CSSA was invalid and unenforceable from its inception (see Family Ct Act § 413 [1] [h]) — regardless of the fact that the mother benefitted from the terms of the deviation agreement in the first instance. Therefore, Family Court erred in dismissing the mother’s objections. As such, the order must be reversed and the matter remitted for a de novo hearing to determine the proper amount that the noncustodial parent must pay in child support pursuant to the provisions of the CSSA (see Matter of McKenna v McKenna, 90 AD3d at 1111).
 
 [2]
 

 Garry, J.P., Devine, Aarons and Rumsey, JJ., concur.
 

 Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Fulton County for further proceedings not inconsistent with this Court’s decision.
 

 [1]
 

 . The stipulation maintained the father as primary legal and physical custodian of the children, but provided that, in the event that either party needed to leave the children for more than two hours, he or she would provide the other party the right of first refusal to exercise physical custody of the children during that time.
 

 [2]
 

 . The invalidity of the parties’ child support provisions does not invalidate the entire 2009 stipulation and settlement, as incorporated by the judgment of divorce, as the remaining provisions not pertaining to child support may be independently enforced (see Young v Young, 142 AD3d 612, 613 [2016]; Cimons v Cimons, 53 AD3d 125, 129 [2008]; compare David v Cruz, 103 AD3d 494, 495 [2013]).