Peters, P.J.
 

 Appeal from an order of the Family Court of Albany County (Kushner, J.), entered May 5, 2016, which granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 4, to modify a prior order of support.
 

 A 1999 order, which incorporated a child support stipulation between petitioner (hereinafter the mother) and respondent (hereinafter the father), set the father’s weekly child support obligation for the parties’ two children at $150. This order was subsequently incorporated, but not merged, into the parties’ November 2000 judgment of divorce. In March 2015, the mother commenced this proceeding seeking an upward modification of child support. Following a hearing, the Support Magistrate found that the mother failed to meet her burden of proof and dismissed the petition. Upon the mother’s written objections, Family Court ruled that the child support provisions of the judgment of divorce are invalid and unenforceable because they fail to comply with the Child Support Standards Act (see Family Ct Act § 413 [hereinafter CSSA]) and remitted the matter to the Support Magistrate for a de novo determination on the issue of child support. Following another hearing and further submissions by the parties, the Support Magistrate set the father’s biweekly child support obligation at $748.41. Family Court denied the father’s objections, and this appeal ensued.
 

 Family Court erred when it found the support provisions of the parties’ judgment of divorce to be invalid and unenforceable. The judgment of divorce incorporated a 1999 order of support which, in turn, incorporated by reference a written stipulation entered into by the parties concerning child support. The stipulation, as well as the order of support, recite that the parties had been advised of and fully understood the child support provisions of the CSSA and that the application of the statute would result in the presumptively correct amount of child support to be awarded. The stipulation then sets forth the presumptive amount of child support that would be awarded under the CSSA and the agreed-upon figures used to calculate that amount, states that the parties are deviating from the presumptive amount and provides a detailed explanation of the reasons for the deviation therefrom. Thus, the opt out provisions of the stipulation fully comply with the CSSA (see Family Ct Act § 413 [1] [h]; McCarthy v McCarthy, 77 AD3d 1119, 1120 [2010]; Matter of Broome County Support Collection Unit v Morais, 68 AD3d 1466, 1467 [2009]). That the judgment of divorce does not explicitly set forth the CSSA recitals is not determinative, as the statute only requires the inclusion of such recitals in the “agreement or stipulation . . . presented to the court for incorporation in an order or judgment” (Family Ct Act § 413 [1] [h]; see Matter of Broome County Support Collection Unit v Morais, 68 AD3d at 1467). As the child support provisions of the judgment of divorce are valid and enforceable, Family Court erred in ordering a de novo determination on the issue of support. We therefore remit the matter to Family Court for an updated hearing, if necessary, to determine whether the mother is entitled to an upward modification of child support (see Aylsworth v Kowalczyk, 64 AD3d 1226, 1228 [2009]; Matter of Mentor v DeLorme, 17 AD3d 1012, 1013 [2005]).
 

 Because the parties have disputed, both before Family Court and on this appeal, the proper standard for reviewing the mother’s petition for an upward modification, we will address that issue. Generally, a party seeking modification of a child support provision derived from an agreement or stipulation incorporated but not merged into a judgment of divorce has the burden of proving, insofar as is relevant here, “that an unanticipated and unreasonable change of circumstances has occurred resulting in a concomitant increased need or that the needs of the children are not being adequately met” (Malone v Malone, 122 AD3d 1190, 1192 [2014] [internal quotation marks and citations omitted]; see Matter of Boden v Boden, 42 NY2d 210, 213 [1977]; Matter of Zibell v Zibell, 112 AD3d 1101, 1102 [2013]). “The parties are free, however, to agree to different terms triggering a change in the obligations of the payor spouse, including the application of a standard other than substantial unanticipated and unreasonable change in circumstances as the basis for determining a modification application, provided that . . . the children’s personal right to receive adequate support is not adversely affected and public policy is not offended” (Martin v Martin, 80 AD3d 579, 580 [2011] [internal quotation marks and citations omitted]; see Matter of Calandra v Macaione, 141 AD3d 519, 519-520 [2016]; Matter of Langlitz v Ochse, 268 AD2d 865, 866 [2000]). Here, the parties’ 1999 stipulation expressly provides that either party may petition a court for a modification of child support based upon “a change of circumstances.” Through this clear and unqualified language, the parties plainly expressed an intent to dispense with the “unanticipated and unreasonable change of circumstances” standard in favor of a less burdensome “change of circumstances” standard (see Putnick v Rockcastle, 244 AD2d 839, 840 [1997]; cf. Matter of Overbaugh v Schettini, 103 AD3d 972, 973 [2013], lv denied 21 NY3d 854 [2013]; compare Matter of Langlitz v Ochse, 268 AD2d at 866; Matter of Strack v Strack, 225 AD2d 872, 873 n [1996]). Accordingly, upon remittal, the mother’s modification petition must be assessed based upon this lesser standard of proof.
 

 Garry, Mulvey, Aarons and Pritzker, JJ., concur.
 

 Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Albany County for further proceedings not inconsistent with this Court’s decision.